HY–WAY HEAT SYSTEMS, INC.,
Plaintiff,

v.

JADAIR, INC. and John H. Schmutzler,
Defendant.

No. 69–C–491.

United States District Court,
E. D. Wisconsin.

March 25, 1970.

Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for plaintiff, Webster B. Harpman, Harpman & Harpman, Youngstown, Ohio, of counsel.

Glenn O. Starke, Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff's action is for patent infringement and for unfair competition. The defendants have answered and have also counterclaimed for declaratory relief and for unfair competition. The plaintiff has moved to dismiss two paragraphs of the defendants' counterclaim.

The unfair competition counterclaim asserts four grounds. The first, set forth in paragraph 28, alleges that the plaintiff has threatened the defendants' customers with litigation under the patent, and the second, contained in paragraph 29, alleges that the present litigation unfairly diverts trade from the defendants. Paragraphs 30 and 31, the two involved in this motion, allege:

"30. Upon information and belief, the plaintiff has unfairly and willfully disparaged defendants' products, plaintiff has knowingly made false and deceptive statements and misrepresentations concerning defendants' products and the experience of defendants' customers with defendants' products and plaintiff has misrepresented the business practices, the honesty and ethics of the defendants, said statements and misrepresentations being made to customers and prospective customers of defendants in a bad faith and unfair attempt to divert trade from defendants.

"31. Upon information and belief, plaintiff has unfairly interferred (sic) with the contracts between defendants and defendants' customers and has caused and attempted to cause violation of and recission of such contracts for the purpose of unfairly diverting trade from defendants."

The issue presented is whether this court has jurisdiction to hear the latter two claims.

■ The patent claims in the complaint involve federal questions, but paragraphs 30 and 31 do not; these two allegations are based on common law questions of unfair competition which would normally be tried in a state court. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). Therefore, in order to satisfy the subject matter jurisdiction requirement, one of the following must be applicable: (1) independent diversity jurisdiction; (2) compulsory counterclaim; (3) joinder under 28 U.S.C. § 1338(b); or (4) pendent jurisdiction.

If a counterclaim is permissive under Rule 13, Federal Rules of Civil Procedure, then independent diversity jurisdiction must be alleged and met. Chance v. County Board of School Trustees of McHenry County, Illinois, 332 F.2d 971 (7th Cir. 1964). The de-

fendants do not allege diversity; therefore, unless this counterclaim is "compulsory", it is inadequate under Rule 13(a). The latter rule defines a compulsory counterclaim as one which " * * * arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *."

 Paragraphs 10–13 of the plaintiff's complaint deal with unfair competition. Notwithstanding the defendants' allegation in paragraph 27 that jurisdiction as to paragraphs 30 and 31 is based on 28 U.S.C. § 1338(b), I believe that the counterclaim is compulsory and that there is jurisdiction under Rule 13(a), Federal Rules of Civil Procedure. In paragraph 10 of its complaint, the plaintiff alleges that the defendant misrepresented the defendants' products to customers, and in paragraph 30 of its counterclaim, the defendants allege that the plaintiff misrepresented the defendants' products to customers. Both claims deal with misrepresentation of the defendants' products, although from divergent standpoints. Presumably, all of those dealings were carried on with the ultimate goal of obtaining contracts.

Paragraph 31 alleges interferences with contracts. Both parties are competing for the same customers, and from the pleadings it appears that the parties are accusing each other of using basically the same unfair methods. Thus, I believe that paragraphs 30 and 31 arise "out of the transaction or occurrence that is the subject matter" of the complaint. As was stated in the case of United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213, 216 (2nd Cir. 1955), in regard to the compulsory counterclaim standards set out in Rule 13(a):

> "In practice this criterion has been broadly interpreted to require not an absolute identity of factual backgrounds for the two claims, but only a logical relationship between them."

I find that such a logical relationship exists, and jurisdiction is present. In Blair v. Cleveland Twist Drill Co., 197 F.2d 842, 845 (7th Cir. 1952), the court stated:

> "Rules 13 and 14 are both intended to avoid circuity of action and to dispose of the entire subject matter arising from one set of facts in one action, thus administering complete and even handed justice expeditiously and economically. They are remedial and should be liberally construed. While both permit of some discretion on the part of the court, there must be sound reason for the exercise of such discretion to deny the relief made possible thereunder."

The expediency of trying these closely related claims all at once outweighs any additional burden which may be placed on the court by retaining jurisdiction of the two paragraphs in question.

Because the court has found that the counterclaims are compulsory, it is not necessary to examine the possibility of jurisdiction under Sec. 1338(b) or under the pendent jurisdiction principle.

Therefore, it is hereby ordered that the plaintiff's motion to dismiss paragraphs 30 and 31 of the defendants' counterclaim be and hereby is denied.