**SUPER PRODUCTS CORPORATION, Plaintiff,**

v.

**D P WAY CORPORATION, Howard E. Paulson, and James R. Wartinbee, Sr., Defendants and Third-Party Plaintiffs,**

v.

**Lionel G. MOORE, Jr., Third-Party Defendant.**

No. 76–C–494.

United States District Court, E. D. Wisconsin.

March 4, 1977.

John C. Cooper, III, Whyte & Hirschboeck, Milwaukee, Wis., for plaintiff and third party plaintiffs.

Richard G. Lione, Hume, Clement, Brinks, Willian, Olds & Cook, Ltd., Chicago, Ill., for third-party defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This case is before the Court on plaintiff's motion to dismiss the counterclaim asserted against it. All issues raised by the motion, except that of the Court's subject matter jurisdiction, have been disposed of in a prior order. The issue presented is whether this counterclaim is asserted under Rule 13(a) or 13(b). If it is a Rule 13(a) compulsory counterclaim, this Court may assert ancillary jurisdiction over it. If the claim be permissive, however, there must be an independent basis for federal jurisdiction.

Rule 13 defines a compulsory counterclaim as one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The test which has been adopted by the majority of Courts, including the Seventh Circuit, to be used in determining whether the same transaction or occurrence is involved is the "logical relationship test." *See, Kissell Co. v. Farley*, 417 F.2d 1180 (7th Cir. 1969).

The Third Circuit has explained the test in these terms:

> The phrase "logical relationship" is given meaning by the purpose of the rule which it was designed to implement. Thus a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action. *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3rd Cir. 1961).

The complaint in this action involves two counts, one based on violations of the antitrust laws and the other on law of unfair competition. The basis for both counts is the same. The complaint alleges that the defendant made misrepresentations to the investors, employees, and customers of the plaintiff as well as its distributors and suppliers. These misrepresentations concerned the nature and quality of plaintiff's product

and service and its ability to complete its contracts. Other allegations allege that the defendant sold competing products below cost in order to deprive plaintiff of customers; that defendant withheld funds owing to an officer of plaintiff to deprive it of funding; that defendant induced subscribers of plaintiff's stock to breach subscription agreements; that defendant told customers and subscribers of plaintiff that the plaintiff's products would infringe the defendant's patent and that plaintiff's capital would be exhausted by the litigation that would ensue.

The cross-complaint is based on the law of unfair competition. It alleges that one of the principal owners of the plaintiff corporation was a former employee of the defendant and took part in a conspiracy to form the plaintiff corporation while an employee. The purpose of the conspiracy was to manufacture and market devices essentially identical to that of the defendant. It is further alleged that this former employee while still in the employ of the defendant pirated some of the defendant's customers and assembled confidential customer lists and misappropriated them for the plaintiff's benefit. The plaintiff is also charged with selling devices below cost and misusing a trademark registration symbol.

Two cases have been brought to the Court's attention which have facts quite similar to the instant pleadings. *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* supra, and *Hy-Way Heat Systems, Inc. v. Jadair Inc.,* 311 F.Supp. 454 (E.D.Wis.1970). The cases have apparently reached conflicting results.

Great Lakes Rubber Corporation (Great Lakes) began the first of these cases by filing a complaint alleging unfair competition. The basis of the complaint was that Herbert Cooper Co. (Cooper) was underselling it by infringing a patent. Great Lakes was a licensee of the patent and obligated to pay royalties thereunder. Cooper asserted a counterclaim based on a violation of the antitrust laws alleging that Great Lakes' action in telling Cooper's suppliers that they were contributing infringers was

an attempt to monopolize and a restraint on trade. An additional allegation was made that Great Lakes' action in instituting the action was done in bad faith and in an effort to eliminate Cooper as a competitor.

After Great Lakes' complaint was dismissed for lack of jurisdiction, it brought the same claim as a counterclaim to Cooper's claim. The district court dismissed the claim finding it to be permissive. The Third Circuit reversed.

After setting forth the test quoted above the court held that the Great Lakes' counterclaim was compulsory. It based its decision solely on Cooper's claim that the institution of the action was harassment.

> It is clear that a determination that Cooper's claims that the claims asserted in Great Lakes amended complaint and reiterated in substance in its counterclaim are harassing will entail an extensive airing of the facts and the law relating to Great Lakes counterclaim.

While stating a rather broad test for applying Rule 13(a), the court took a rather narrow view of the rule when actually applying it. The court indicated that a claim alleging unfair competition by patent infringement does not arise out of "the same transaction" as a claim for restraint of trade in telling the alleged infringer's suppliers that they are guilty of the same infringement by contributing to it. This ruling appears to disregard that part of the test which allows a counterclaim "where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action."

In the *Hy-Way Heat Systems* case, *supra,* Judge Gordon of this district found that a counterclaim alleging unfair competition by making misrepresentations concerning the defendant as alleged in this counterclaim and in interfering with the defendant's contracts did arise out of "the same transaction" as the complaint which alleged that the defendants misrepresented their own products.

The court's reasoning was based on the fact that: "Both parties are competing for the same customers, and from the pleadings it appears that the parties are accusing each other of using basically the same unfair methods." 311 F.Supp. at 456.

The parties in this case are direct competitors of each other and accuse at least in one instance, each other of using the same unfair method. Other counts of both claims are premised on the fact that the additional defendant to the counterclaim was a prior employee of the defendant/counterclaimant corporation.

The Court is of the opinion that the counterclaim falls within that portion of the test which defines a compulsory counterclaim as one "where [it is as] offshoot of the basic controversy between the parties [and] fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action."

The court therefore holds that the jurisdiction over the counterclaim is present and denies the plaintiff's motion to dismiss the counterclaim.