TWIN CITY APARTMENTS, INC. v. MARALYN LANDRUM (WHEDBEE)

No. 7921DC601

(Filed 4 March 1980)

**1. Rules of Civil Procedure § 13— actions arising out of landlord and tenant relationship—no compulsory counterclaim**

Plaintiff's claim for summary ejectment was not a compulsory counterclaim in defendant's prior action for breach of a lease agreement, breach of covenants of fitness and habitability and of the duty of repair, violations of the unfair trade practices statute, and conspiracy to deprive defendant of her civil rights, although both actions arose out of the same landlord and tenant relationship, since the nature of the actions and the remedies sought were too divergent. G.S. 1A-1, Rule 13(a).

**2. Ejectment § 1— summary ejectment procedures—constitutionality**

The summary ejectment procedures set out in G.S. 42-26(1) and G.S. 42-32 are not unconstitutional because the statutes provide no defense to a residen-

tial tenant of commercially owned property who holds over after being given notice that the term has expired or that the owner desires possession.

**3. Ejectment § 1; Constitutional Law § 4— constitutionality of summary ejectment statutes—equal protection—absence of standing**

Defendant had no standing to attack the summary ejectment statutes, G.S. 42-26(1) and G.S. 42-32, on the ground that they discriminate against lower and lower middle income persons who are economically compelled to rent where she failed to show that she was a member of the allegedly injured classes.

APPEAL by defendant from *Alexander (Abner), Judge.* Judgment entered Nunc Pro Tunc 31 January 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 28 January 1980.

This is an action in summary ejectment. Maralyn Landrum (Whedbee) executed a lease with Twin City Apartments, Inc., 15 March 1974, which expired 14 September 1974, but provided that,

Renewal. Unless at least thirty (30) days prior to the expiration of the original term of this lease, Landlord gives to tenant or tenant gives Landlord notice of an intention to permit this lease to expire on its expiration date, *this lease shall continue in effect at the rental and on the same terms, covenants, conditions and provisions herein contained, on a month-to-month basis, unless terminated as above provided.* (Emphasis added.)

By letter written sometime in April, 1978, plaintiff notified the defendant and her new husband that they must execute a new lease. Defendant's husband refused to do so, either for himself or on behalf of the defendant. Notice to vacate was given to defendant, and an action in ejectment brought around 6 May in Forsyth County. On or about 1 May 1978, the defendant, along with her husband as co-plaintiff, began an action in Hertford County which sought *inter alia* a temporary restraining order prohibiting the plaintiff from ejecting the defendant. Prior to service of the temporary restraining order, the Twin City Apartments dropped the action against the defendant. On 6 June 1978, the case *sub judice* was filed before a magistrate. Answer was filed by the defendant and judgment rendered in favor of the plaintiff. Defendant appealed. On 31 January 1979, the district court found facts, entered conclusions of law, and rendered judgment in favor of the plaintiff. Defendant appealed.

*James T. Lambie for plaintiff appellee.*

*Rosbon D. B. Whedbee for defendant appellant.*

HILL, Judge.

[1]    The defendant contends the trial judge erred in denying the defendant's motion to dismiss this suit on the grounds that the instant action for summary ejectment must be brought as a compulsory counterclaim, pursuant to G.S. 1A-1, Rule 13(a), in the pending Hertford County action. Rule 13(a) states that,

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The trial judge in the instant case found as fact that the case was filed 6 June 1978 in the Small Claims Court of Forsyth County; that on or about 1 May 1978, the defendant filed as a coplaintiff with her husband a cause of action in Hertford County against the plaintiff, covering *inter alia* subject matters arising out of the same transaction and occurrence as gave rise to the instant case and alleging that Barbara Horrell, the resident manager of the Village Apartments Complex, owned by the Twin City Apartments did breach the terms of the lease for personal reasons and as a personal vendetta against Maralyn Landrum Whedbee. The complaint further alleged breach of rental contract and covenants of the leasehold; breach of covenants of fitness for habitability and of the duty of repair; violations of G.S. 75-1.1 and a civil conspiracy to deprive the said Maralyn Landrum Whedbee of her civil rights prescribed by 42 U.S.C. § 1983, et seq. The Hertford County action is still pending. The judge in the Forsyth County action then concluded that the Forsyth County action for summary ejectment was not an action which plaintiff, defendant in the Hertford County action, was compelled to bring pursuant to the requirements of G.S. 1A-1, Rule 13(a). The court thereupon dismissed the motion of a defendant Maralyn Landrum Whedbee as to compulsory counterclaim.

An examination of the findings of fact by the trial judge reveals that defendant's Hertford County action is completely distinct from an action for summary ejectment, the case *sub judice*. Both defendant's Hertford County action and plaintiff's action for summary ejectment arise from a common relationship between the parties. Both parties' claims originate from plaintiff's request that defendant vacate the apartment and defendant's refusal. This common origin is not enough, however, to require that plaintiff's summary ejectment action be designated a compulsory counterclaim in defendant's Hertford County action. The nature of the actions and the remedies sought are too divergent. In fact, it is the similarity in the nature of the action *and* the remedy sought which seems to be more important in establishing when an action will be treated as a compulsory counterclaim, rather than a basis in a common factual transaction.

*Hy-Way Heat Systems, Inc. v. Jadair, Inc.*, 311 F. Supp. 454 (E.D. Wisc. 1970), involved an action for patent infringement and for unfair competition. Defendant answered and counterclaimed, making allegations based on common law questions of unfair competition which would normally be tried in state court. The federal court claimed jurisdiction on the basis of Rule 13(a), saying that the counterclaim was compulsory. In making its findings, the court seemed to rely not so much on a logical relationship between the factual backgrounds of the two claims, but the fact that, "[b]oth claims deal[t] with misrepresentation . . . ." In effect, the similar nature of the actions was determinative.

*Manufacturing Co. v. Manufacturing Co.*, 30 N.C. App. 97, 100, 226 S.E. 2d 173, *disc. review granted on other grounds* 290 N.C. 662 (1976), is a similar case. There, a manufacturer had charged another company with unfair trade practices. Several months later, the second company filed an action against the first for unfair trade practices in another superior court. Both claims arose out of the manufacturers' claim regarding a purportedly unique device their respective tobacco harvesting machines carried. This Court recognized the logical relationship between the factual backgrounds of the two claims, but went one step further. The Court, citing from *Hy-Way, supra,* stated that " ' . . . [b]oth claims deal with misrepresentation of the defendants' products . . . .' " The second action was held to be a compulsory counterclaim in the original.

In order to find that an action must be filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a), a court must first find a logical relationship between the factual backgrounds of the two claims. In addition, the court must find a logical relationship between the nature of the actions. Rule 13(a) is a tool designed to further judicial economy. The tool should not be used to combine actions that, despite their origin in a common factual background, have no logical relationship to each other. Defendant's first assignment of error is overruled.

[2]  Defendant next contends that the summary ejectment procedure as set out in G.S. 42-26(1) and G.S. 42-32, is unconstitutional. Defendant argues first that G.S. 42-26(1) provides no defense whatsoever to a residential tenant of commercially owned property who holds over, after being given notice that the term has expired or that the owner desires possession. Secondly, defendant argues that the North Carolina law discriminates against lower and lower middle income persons who are compelled to rent because of economic inability to purchase suitable residential premises. The trial court concluded the statute to be constitutionally valid. We agree.

The parties executed a written lease. Defendant was not deprived of any vested right. In fact, the lease protected her rights. Plaintiff had superior title in the property, and the lease guaranteed defendant's quiet enjoyment during the term of the lease. Defendant had no right to possession once the lease expired and plaintiff gave proper notice to vacate.

G.S. 42-26(1) provides no defense because none exists. Once the estate of the lessee expires, the lessor, by virtue of his superior title, may resume possession by following proper procedures. Defendant's right to possession is protected by virtue of G.S. 42-35 and G.S. 42-36, which provide a remedy to the tenant if he is evicted, but later restored to possession.

[3]  Defendant further argues that G.S. 42-26(1) and G.S. 42-32 are unconstitutional because they discriminate against lower and lower middle income persons.

A person who is not included in the class against which there has been a discrimination cannot take advantage of the discrimination by pleading that the proceeding constitutes a

violation of the equal protection guaranteed by the Four-teenth Amendment of the Constitution of the United States, and by Article I, section 17, of the Constitution of North Carolina.

*State v. Sims*, 213 N.C. 590, 591, 197 S.E. 176, 177 (1938). Defend-ant has not exhibited that she is a member of the allegedly in-jured classes. In fact, in defendant's appellate brief the statement is made that, ". . . defendant falls only within the class of the general public at large . . . ." Defendant has no standing to at-tack the statutes on the basis of denial of equal protection. De-fendant's second assignment of error is overruled.

We have examined defendant's third assignment of error and find it to be without merit. Defendant's lease ran from month to month pursuant to the same terms as her original six-month lease. The original lease provided for eviction for certain objec-tionable conduct, none of which was done by defendant. This does not preclude the landlord from ejecting tenant, pursuant to the proper procedures, at the end of the lease term. The lease provi-sions in the instant case were designed to give plaintiff a remedy *during* the lease term and were not meant to limit his right to reassert his superior title.

The judgment of the trial court is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.