JIMMY W. CURLINGS AND WIFE, MARTHA CURLINGS v. HENDERSON W. MACEMORE AND WIFE, SALLY MACEMORE

No. 8123DC904

(Filed 4 May 1982)

**Rules of Civil Procedure § 13— dismissing plaintiff's claim as compulsory counterclaim error**

> The trial court erred in dismissing plaintiff's claim, concerning defendant landlord's duty of care for the maintenance of leased property and breach of that duty, on the ground that it should have been asserted as a counterclaim under G.S. 1A-1, Rule 13(a) in a prior summary ejectment action brought by defendant against plaintiff since the actions were highly divergent in nature and in remedy sought.

APPEAL by plaintiffs from *Ferree, Judge.* Judgment entered 5 May 1981 in District Court, YADKIN County. Heard in the Court of Appeals 8 April 1982.

Plaintiffs, who rented a space in a mobile home park owned and operated by the defendants, sought to recover $10,000 in damages from defendants based on the defendants' alleged negligence in maintaining the space rented to plaintiffs. Specifically, the Complaint alleged: (1) that plaintiffs rented a space in the mobile home park beginning December 1973; (2) that as a result of defendants' negligence, a water drainage problem developed underneath plaintiffs' trailer in 1974 which caused plaintiffs' trailer to sink and become unlevel; (3) that defendants negligently failed to cut away a dead hickory tree which was in close proximity to plaintiffs' trailer even though plaintiffs made numerous requests of defendant to remove the tree; and (4) that in July 1979, the hickory tree fell on plaintiffs' mobile home, puncturing the roof and causing the trailer to fall from its support.

Defendants, in their Answer, denied negligence and pleaded as an affirmative defense plaintiffs' failure to assert their present claim as a compulsory counterclaim in defendants' prior summary ejectment action against plaintiffs.

From the trial court's order dismissing plaintiffs' claim on the ground that it should have been asserted as á compulsory counterclaim in the prior summary ejectment action, plaintiffs appeal.

*William M. Allen, Jr., for plaintiff appellants.*

*Finger, Park & Parker, by Daniel J. Park, for defendant appellees.*

BECTON, Judge.

We agree with plaintiffs. The trial court erred in dismissing plaintiffs' action on the ground that it should have been asserted as a counterclaim in a prior action brought by defendants against plaintiffs.

G.S. 1A-1, Rule 13(a) states in relevant part that:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . . .

In *Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 263 S.E. 2d 323 (1980), this Court, faced with a factual situation that was the reverse of the factual situation presented in the case at bar, held that plaintiffs' claim for summary ejectment was not a compulsory counterclaim in defendants' prior action for breach of a lease agreement, breach of covenants of fitness and habitability, and breach of duty of repair since the nature of the actions and remedies sought were too divergent. We said the following in *Landrum*:

> In order to find that an action must be filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a), a court must first find a logical relationship between the factual backgrounds of the two claims. In addition, the court must find a logical relationship between the nature of the actions. Rule 13(a) is a tool designed to further judicial economy. The tool should not be used to combine actions that, despite their origin in a common factual background, have no logical relationship to each other.

*Id.* at 494, 263 S.E. 2d at 325.

Our interpretation of Rule 13(a) is no different than the interpretation placed on Rule 13(a) of the Federal Rules of Civil Procedure by numerous federal courts. *See Valencia v. Anderson Bros. Ford,* 617 F. 2d 1278, 1291 (7th Cir. 1980); *Whigham v. Beneficial Finance Co. of Fayetteville,* 599 F. 2d 1322 (4th Cir. 1979); 6 Wright and Miller, *Federal Practice and Procedure:* Civil Section 410 (1971). In *Whigham,* the Fourth Circuit, in determining that a lender's claim for debt against a borrower who sued for a violation of the Truth-In-Lending Act was not a compulsory counterclaim, listed the following criteria to consider when determining whether a claim is a compulsory counterclaim: "[(1)] whether the issues of fact and law raised by the claim and counterclaim are largely the same[; (2)] whether substantially the same evidence bears on both claims[;] and [(3)] whether any logical relationship exists between the two claims." Id. at 1323.

Turning now to an examination of the facts in the case at bar, we note first that the trial court did not find as a fact that plaintiffs' present action for damages logically relates to defendants' prior action in summary ejectment either "factually" or in "nature." Indeed, the common factual background is at best tenuous since the only relationship common to both actions is the landlord-tenant relationship. Second, the issues of fact and law are different in a summary ejectment proceeding from the issues involved in a negligence proceeding. Plaintiffs' claim is whether the defendant landlord had a duty of care for the maintenance of leased property and breached that duty; the defendant landlord's claim, on the other hand, was based on a simple statutory right to eject once the lease was terminated. Plaintiff must show evidence of a duty of care and a breach of that duty to prove damages. The defendant needed only to produce a lease agreement for consideration in light of the statutory provisions. Further, plaintiffs' claim was for a substantial amount of damages whereas defendants' claim was solely for ejectment.

We hold that plaintiffs' negligence action and defendants' summary ejectment action were highly divergent in nature and in remedies sought. Defendants' affirmative defense should have been stricken from the Answer. Consequently, it was error for the trial court to dismiss plaintiffs' claim on the ground that it should have been asserted as a compulsory counterclaim in defendants' prior action.

For the foregoing reasons, the Order of the trial court is

Reversed.

Judge HEDRICK and Judge HILL concur.