DICK TOWNSEND AND WIFE, BINA TOWNSEND v. JAMES EVERETTE BENTLEY AND WIFE, MARY W. BENTLEY

No. 8125DC711

(Filed 1 June 1982)

1. **Rules of Civil Procedure § 13— no entitlement to set off for counterclaim— summary judgment for plaintiffs**

   In an action on a promissory note executed by defendants to plaintiffs, defendants were not entitled to set off their claim against plaintiffs for work unperformed on a home sold by plaintiffs to defendants, and summary judgment was properly entered for plaintiffs in their action on the note.

2. **Rules of Civil Procedure § 15.1— denial of motion to amend to assert counterclaim**

   The trial court did not abuse its discretion in the denial of defendants' motion to amend their answer to assert a non-compulsory counterclaim. G.S. 1A-1, Rule 15.

APPEAL by defendants from *Vernon, Judge.* Judgment entered 28 January 1981 in District Court, CALDWELL County. Heard in the Court of Appeals 9 March 1982.

The defendants appeal from the entry of summary judgment for the plaintiffs. The plaintiffs alleged in this action that the

defendants were indebted to them on a note. In their answer the defendants denied they owed anything on the note. In support of their motion for summary judgment, the plaintiffs filed an affidavit in which they said the defendants had executed a note in the amount of $3,800.00 to the plaintiffs; that the defendants had paid $1,500.00 on the note leaving a balance due of $2,300.00; that the note provided for the payment by the defendants of reasonable attorney fees incurred in the collection of the note, not to exceed 15% of the amount collected. The note was incorporated in the complaint and was one of the matters considered by the court at the hearing on the motion for summary judgment.

The defendants filed an affidavit in opposition to the motion for summary judgment in which they did not deny they had executed the note or that $2,300.00 was unpaid on it. They stated that they had purchased a home from the plaintiffs which contained several defects which the plaintiffs had agreed to correct and that any amounts owed to the plaintiffs should be deferred until the defects were corrected. They said they did not owe any amount to the plaintiffs. Simultaneously with the filing of the affidavit in opposition to the motion for summary judgment, the defendants filed a motion to assert a counterclaim for breach of contract based on the defendants' claim that the plaintiffs had sold them a home and had refused to correct the defects in the home as they had contracted to do.

The court denied the defendants' motion to amend and granted the plaintiffs' motion for summary judgment.

*Tuttle and Thomas, by Carroll D. Tuttle, for plaintiff appellees.*

*Wilson, Palmer and Cannon, by Bruce Lee Cannon, for defendant appellants.*

WEBB, Judge.

[1] The plaintiffs have by affidavit shown that the defendants executed a note to plaintiffs and $2,300.00 is due on the note. The note was incorporated into the complaint and was considered by the court in determining the motion for summary judgment. The only part of the plaintiffs' evidence that depends on the credibility of the plaintiffs as witnesses is the plaintiffs' statement that

the note was executed and the payments that were made by the defendants. The plaintiffs' testimony by affidavit is not inherently incredible and is neither self-contradictory nor susceptible to conflicting inferences. The defendants have filed nothing which contradicts the evidence of the plaintiffs but have filed an affidavit which alleges they have a claim against the plaintiffs for work unperformed on a home sold by the plaintiffs to defendants. If the defendants are not able to set off this claim against the plaintiffs in this action, the plaintiffs are entitled to judgment as a matter of law. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). We do not believe the defendants are entitled to set off their claim against the plaintiffs in this action. The claims of the parties against each other grew out of separate transactions. The defendants did not plead this claim against the plaintiffs and there being no dispute as to the claim of the plaintiffs against the defendants, summary judgment was proper. *See Barber v. Edwards*, 218 N.C. 731, 12 S.E. 2d 234 (1940).

[2] The defendants also assign error to the court's denial of their motion to amend their answer to assert a counterclaim. G.S. 1A-1, Rule 15, provides that 30 days after a pleading has been filed which does not require a responsive pleading, the pleading may be amended only by leave of the court. We hold the court did not abuse its discretion in this case. We note that the counterclaim which the defendants attempted to assert was not a compulsory counterclaim within the meaning of G.S. 1A-1, Rule 13(a). *See Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 263 S.E. 2d 323 (1980).

Affirmed.

Judges CLARK and ARNOLD concur.