GERARDO MURILLO AND MATHILDA MURILLO v. JON M. DALY, SR. AND BONNIE T. DALY

No. COA04-533

(Filed 15 March 2005)

**Judgments; Pleadings— compulsory counterclaims—summary ejectment—breach of contract—negligence—res judicata**

Plaintiff tenants' claims against defendant landlords for breach of contract, negligence and unfair and deceptive trade practices were not compulsory counterclaims in defendants' prior summary ejectment action and were thus not barred by the doctrine of res judicata, because: (1) the claims for breach of contract and negligence were different from the summary ejectment claim when plaintiffs' claims are based on defendants' failure to adequately maintain the septic tank system on the property and plaintiffs do not attack the summary ejectment proceeding; (2) although both the summary ejectment proceeding and current claims arise from the landlord-tenant relationship of the parties, a common origin alone is insufficient to characterize plaintiffs' claims as compulsory counterclaims; and (3) the remedies sought by the two parties in the two actions are different when defendants sought possession of the property and unpaid rent whereas plaintiffs sought monetary damages for breach of contract, tort claims, and for unfair and deceptive trade practices.

MURILLO v. DALY

[169 N.C. App. 223 (2005)]

Appeal by Plaintiffs from judgment entered 4 January 2004 by Judge Mark E. Klass in Superior Court, Davie County. Heard in the Court of Appeals 11 January 2005.

*David B. Hough for plaintiffs-appellants.*

*Orbock, Bowden, Ruark & Dillard, PC, by Edwin W. Boden and Allman, Spry, Leggett & Crumpler, P.A., by W. Rickert Hinnant and Roger E. Cole for defendants-appellees.*

WYNN, Judge.

In North Carolina, to establish when an action will be treated as a compulsory counterclaim, the similarity in the nature of the action and the remedy sought has been characterized as more important than a basis in a common factual transaction. *Twin City Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 493, 263 S.E.2d 323, 325 (1980). In this case, Defendants argue that the trial court correctly treated Plaintiffs' claims for breach of contract and negligence as compulsory counterclaims to a summary ejectment action. Because we hold that the nature of the actions asserted and remedies sought in the claims for breach of contract and negligence are different from the summary ejectment claim, we reverse the trial court's order and remand for trial.

Gerardo and Mathilda Murillo entered into a residential lease agreement with Jon and Bonnie Daly in 1996 for the rental of a house located at 388 Riverbend Drive, Advance, North Carolina. The Murillos agreed to pay $2,200.00 per month and took possession of the property around 10 September 1996.

Throughout 2001 and 2002, the septic tank system at the rental property began to deteriorate. During this time, bathtub and toilets would backup, causing sewage to overflow into the house.

In October 2002, the Murillos stopped paying rent and demanded that the Dalys fix the septic tank system. The Murillos continued to occupy the residence for five months without paying rent.

Mr. Daly filed a Complaint in small claims court on 4 March 2003 in Davie County, North Carolina seeking to eject the Murillos from the property and to recover unpaid rent from the Murillos' breach of the lease agreement. In their counterclaim, the Murillos sought dismissal of the Complaint and "such other and further relief as the

MURILLO v. DALY

[169 N.C. App. 223 (2005)]

Court deems just and proper." The Murillos asserted that the septic tank had been non-functioning for three years, allowing sewage and excrement to overflow in the bathrooms and cover the backyard. They further contended that Daly's claim was retaliatory.[1]

After hearing evidence from both parties, the Magistrate ruled against the Murillos on their counterclaim, ordered the Murillos to vacate the premises, and awarded Mr. Daly $4000.00 in unpaid rent plus the costs of the proceeding. The Murillos did not perfect their appeal to the District Court in Davie County.

Thereafter, the Murillos filed a new action in Superior Court, Davie County. The Murillos alleged essentially the same facts in their Complaint as they did in their Answer and Counterclaim in the previous action in small claims court. In this new suit, they alleged breach of contract, negligence, and unfair and deceptive trade practices. The Dalys moved for summary judgment as to all claims. On 4 January 2004, the trial court granted the motion for summary judgment on the ground that the claims were barred in their entirety by the doctrine of *res judicata*. The Murillos appealed.

On appeal, the Murillos argue that the trial court erred in granting the Dalys' Motion for Summary Judgment for their breach of contract, negligence, and unfair and deceptive trade practice claims. We agree.

Summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2004). On appeal, an order allowing summary judgment is reviewed *de novo*. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

Under the doctrine of *res judicata*:

Where a second action or proceeding is between the same parties as the first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all mat-

---

1. While the Murillos asserted counterclaims before the Magistrate against the summary ejectment action under G.S. 42-26(1), this Court recognized in *Twin City Apartments, Inc.*, 45 N.C. App. at 494, 263 S.E.2d at 325-26, that:

"G.S. 42-26(1) provides no defense because none exists. Once the estate of the lessee expires, the lessor, by virtue of his superior title, may resume possession by following proper procedures. Defendant's right to possession is protected by virtue of G.S. 42-35 and G.S. 42-36, which provide a remedy to the tenant if he is evicted, but later restored to possession."

ters which could properly have been litigated and determined in the former action or proceeding.

*Fickley v. Greystone Enters., Inc.*, 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000) (citation omitted).

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." N.C. Gen. Stat. § 1A-1, Rule 13(a) (2004). To determine whether a claim arises out of the same transaction or occurrence as a prior claim, the court must consider: "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions." *Brooks v. Rogers*, 82 N.C. App. 502, 507-8, 346 S.E.2d 677, 681 (1986).

In this case, Mr. Daly's action for ejectment and recovery of unpaid rent[2] was based on the assertion that the Murillos breached the lease agreement by failing to pay rent, and the Murillos' counterclaim alleged that the summary ejectment was filed in retaliation. The Murillos' current claims are for breach of contract, negligence, unfair and deceptive trade practices arising from a broken septic tank system.

In *Twin City Apartments, Inc.*, 45 N.C. App. 490, 263 S.E.2d 323, this Court found a similar claim was not compulsory. The tenant filed a complaint against the landlord in Hertford County alleging: (1) the landlord breached the lease agreement for personal reasons; (2) breach of rental contract; (3) breach of covenants of the leasehold; (4) breach of covenants of fitness and habitability; (5) duty to repair; and (6) civil rights violations. *Id.* at 492, 263 S.E.2d at 324. The landlord then filed a summary ejectment complaint against the tenant in Forsyth County. *Id.* The tenant answered and argued that the landlord's claim should have been raised as a compulsory counterclaim in the Hertford County case. *Id.* This Court determined that "[t]he nature of the actions and the remedies sought are too divergent[,]" to

2. For the purposes of *res judicata* parties include all persons in privity with a party. *Hales v. N.C. Ins. Guaranty Ass'n*, 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994). "Privity" for purposes of *res judicata* "denotes a mutual or successive relationship to the same rights of property." *Id.* at 334, 445 S.E.2d at 594 (citations omitted). As Ms. Daly had a mutual relationship with regard to the rental property at issue she was in privity with Mr. Daly for the purposes of *res judicata*.

require the landlord's summary ejectment action be designated a compulsory counterclaim. *Id.* at 493, 263 S.E.2d at 325.

Here, the Murillos' claims are based on the Dalys' failure to adequately maintain the septic tank system on the property; they do not attack the summary ejectment proceeding. Both the summary ejectment proceeding and current claims arise from the landlord-tenant relationship of the parties. However, a "common origin" alone is insufficient to characterize the Murillos' claims as compulsory counterclaims. *Twin City Apartments, Inc.*, 45 N.C. App. at 493, 263 S.E.2d at 325. Also, the remedies sought by the Murillos and Dalys in the two actions are different. The Dalys sought possession of the property and unpaid rent, whereas the Murillos seek monetary damages for breach of contract, tort claims, as well as a claim of unfair and deceptive trade practices. The nature of the remedies are too divergent to classify the Murillos' claims as compulsory counterclaims. *Id.*

As the Murillos' claims were not compulsory counterclaims in the previous action, they are not now barred by the doctrine of *res judicata. Fickley*, 140 N.C. App. at 260, 536 S.E.2d at 333. Therefore, the trial court's order granting the Dalys' Motion for Summary Judgment must be reversed and the case remanded for trial on the merits.

Reversed and remanded.

Judges McGEE and TYSON concur.