DAWNE HENDRIX and CHRISTOPHER HENDRIX, Plaintiffs v. ADVANCED METAL CORPORATION, Defendant

No. COA08-736

(Filed 17 February 2009)

**1. Appeal and Error— appealability—denial of motion to dismiss—prior action pending**

The denial of a motion to dismiss under N.C.G.S. § 1A-1, Rule 13(a) on the ground of a prior action pending was interlocutory but appealable.

**2. Pleadings— compulsory counterclaims—dispute over installation of roof**

Plaintiff's claims for fraud arising from the installation of a metal roof should have been dismissed as compulsory counterclaims in another action, and were remanded with leave to file as such, where defendant filed an action for breach of contract for failure to fully pay for the installation of a metal roof on a residence, and the plaintiffs subsequently filed this action for fraud and other related claims. The claims arose from a single transac-

tion; plaintiffs cannot avoid Rule 13(a) by casting their claims in tort rather than contract.

Appeal by Advanced Metal from judgment entered 11 March 2008 by Judge Milton F. Fitch, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 20 November 2008.

*Wood Law Firm, PLLC, by W. Swain Wood, for plaintiffs-appellees.*

*Block, Crouch, Keeter, Behm & Sayed, LLP, by Christopher K. Behm, for defendant-appellant.*

STEELMAN, Judge.

Where plaintiffs' claims were compulsory counterclaims in Advanced Metal's previously filed action, the trial court erred in failing to dismiss plaintiffs' action.

## I. Factual and Procedural Background

Defendant Advanced Metal Corporation ("Advanced Metal") is a North Carolina corporation with its principal place of business in New Hanover County. On or about 29 April 2007, Dawne and Christopher Hendrix ("plaintiffs") entered into a contract with Advanced Metal for the purpose of furnishing the materials and providing the labor to install a metal roof on plaintiffs' home in Pitt County. The contract called for three installment payments, a third of which was to be paid upon the completion of the work. Plaintiffs made the first two payments as the work was being done on their home.

On 31 July 2007, Advanced Metal filed a breach of contract action against plaintiffs in the District Court of New Hanover County, alleging that plaintiffs breached the contract by failing to pay the full amount due under the contract, and seeking $7,810.66 in damages. On 2 August 2007, Advanced Metal filed a claim of lien on plaintiffs' real estate in Pitt County, and a notice of *lis pendens* in Pitt County. Plaintiffs filed an answer on 14 September 2007, seeking dismissal of Advanced Metal's complaint and change of venue to Pitt County. Plaintiffs asserted the following affirmative defenses: (1) that Advanced Metal's claims were barred by waiver, estoppel, fraud, and unclean hands; (2) that Advanced Metal's claims failed due to its failure to perform the contract; (3) that Advanced Metal's claims failed due to a subsequent agreement between the parties; (4) that

HENDRIX v. ADVANCED METAL CORP.

[195 N.C. App. 436 (2009)]

Advanced Metal's claims failed on the basis that the damages caused by Advanced Metal exceeded any amounts that might be owing on the contract; and (5) that Advanced Metal's claims were barred due to its own breach of the contract.

On 15 October 2007, plaintiffs filed a complaint in Pitt County, asserting claims of fraud, unfair and deceptive trade practices, breach of contract, and negligence. Plaintiffs sought damages for the diminished value of their home, the cost of having to remove and replace the roof, the physical and structural damage to their home, and restitution of the amounts of the first and second installment payments paid to Advanced Metal under the contract. Plaintiffs also sought exemplary and punitive damages, attorney's fees and costs, and treble damages pursuant to N.C. Gen. Stat. § 75-16. Plaintiffs amended their complaint on 22 October 2007. On 13 December 2007, Advanced Metal filed motions to dismiss plaintiffs' Pitt County claims pursuant to Rules 13(a) and 12(b)(6) of the North Carolina Rules of Civil Procedure. Advanced Metal also filed an answer to plaintiffs' amended complaint, and a motion to change venue. On 22 January 2008, the trial court denied Advanced Metal's motion to dismiss. Advanced Metal appeals.

## II.  Interlocutory Appeal

[1] We first address the issue of whether the denial of Advanced Metal's motion to dismiss pursuant to Rule 13(a) is appealable.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). The denial of a motion to dismiss is an interlocutory order and is generally not appealable. *See Duke University v. Stainback*, 84 N.C. App. 75, 77, 351 S.E.2d 806, 807 (1987). However, our Supreme Court has allowed immediate review of the denial of a motion to dismiss on the ground of a prior action pending. *Atkins v. Nash*, 61 N.C. App. 488, 489, 300 S.E.2d 880, 881 (1983) (citing *Gardner v. Gardner*, 294 N.C. 172, 240 S.E.2d 399 (1978)). Thus, although this appeal is interlocutory, we hold that immediate review is proper.

## III.  Denial of Motion to Dismiss

[2] In its sole argument on appeal, Advanced Metal contends that the trial court erred in denying its motion to dismiss plaintiffs' Pitt

County claims pursuant to Rule 13(a) of the North Carolina Rules of Civil Procedure on the grounds that plaintiffs' claims were compulsory counterclaims in the prior pending New Hanover County action. We agree.

Rule 13(a) of the North Carolina Rules of Civil Procedure defines a compulsory counterclaim as:

> [A]ny claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

N.C. Gen. Stat. § 1A-1, Rule 13(a) (2007).The North Carolina Supreme Court has held that "[t]he purpose of Rule 13(a), making certain counterclaims compulsory, is to enable one court to resolve 'all related claims in one action, thereby avoiding a wasteful multiplicity of litigation . . . .' " *Gardner* at 176-77, 240 S.E.2d at 403 (quotation and citations omitted). Thus, once a claim has been deemed compulsory, it must "be either (1) dismissed with leave to file it in former case, or (2) stayed until the former case has been finally determined." *Id.* at 177, 240 S.E.2d at 403. In *Curlings v. Macemore*, 57 N.C. App. 200, 290 S.E.2d 725 (1982), this Court adopted a three-part test to be used to determine whether a claim is a compulsory counterclaim. Under this analysis, a court is to consider "[ (1) ] whether the issues of fact and law raised by the claim and counterclaim are largely the same[; (2) ] whether substantially the same evidence bears on both claims[;] and [ (3) ] whether any logical relationship exists between the two claims." *Id.* at 202, 290 S.E.2d at 726 (quotation omitted). Although each party may "rely on different explanations and theories of recovery," a claim is compulsory if the legal effect of a given transaction "necessarily will resolve the conflicting assertion as to the law by the other party." *Brooks v. Rogers*, 82 N.C. App. 502, 509, 346 S.E.2d 677, 682 (1986).

All three of the *Curlings* factors dictate that plaintiffs' claims should have been brought as compulsory counterclaims in Advanced Metal's New Hanover County action. First, the factual and legal issues of the two cases arose "out of the common factual background of the construction contract and the construction project." *See Jonesboro United Methodist Church v. Mullins-Sherman Architects, L.L.P.*, 359 N.C. 593, 600, 614 S.E.2d 268, 273 (2005). Second, the evidence

required to support the parties' claims was the same, particularly in light of the fact that plaintiffs' claims for relief in their Pitt County action, including fraud, negligent construction, and breach of contract, are premised on identical legal bases as the affirmative defenses of fraud, failure to perform, and breach of contract they asserted in Advanced Metal's New Hanover County action. Thus, plaintiffs would be presenting identical evidence in both actions. Further, the resolution of the New Hanover County action, encompassing Advanced Metal's breach of contract claim and the affirmative defense raised by plaintiffs would necessarily resolve and be *res judicata* as to plaintiffs' claims in the Pitt County action. *See Brooks* at 509, 346 S.E.2d at 682. Third, there is clearly a logical relationship between the two actions.

We hold that this case is controlled by the rationale of the North Carolina Supreme Court case of *Jonesboro United Methodist Church v. Mullins-Sherman Architects, L.L.P.*, 359 N.C. 593, 600, 614 S.E.2d 268, 273 (2005). Like the instant case, *Jonesboro* involved a dispute over the performance (or nonperformance) of a construction contract. The Supreme Court held:

> In conclusion, the construction contract and the parties' performance under that contract constitute a single "transaction or occurrence" that formed the factual basis for the parties' respective claims for relief in both the Forsyth County and Lee County actions. Although Batten's claims in the Forsyth County litigation and JUMC's claims in the Lee County litigation are not identical, "[t]he issues of law and fact are . . . largely the same in both actions, . . . require substantially the same evidence for their determination, and . . . are logically related." *Cloer*, 132 N.C. App. at 574, 512 S.E.2d at 782. Accordingly, JUMC's claims against Batten were compulsory counterclaims in the Forsyth County action . . .

*Jonesboro* at 601-02, 614 S.E.2d 273-74.

Thus, although plaintiffs raised claims of negligence and unfair and deceptive trade practices in the Pitt County action that were not specifically raised in the New Hanover County action, we hold that, as in *Jonesboro*, the claims in both cases arise out of a single transaction, forming the factual basis for the parties' respective claims. *See id.* The claims asserted by plaintiffs in the Pitt County action were compulsory counterclaims in the New Hanover County action.

**HENDRIX v. ADVANCED METAL CORP.**

[195 N.C. App. 436 (2009)]

Plaintiffs argue that they have raised tort claims in the Pitt County case while the New Hanover County case is one in contract. We note that a contractual relationship and a breach of contract do not ordinarily give rise to claims in tort. *Ports Authority v. Roofing Co.*, 294 N.C. 73, 240 S.E.2d 345 (1978), closely prescribes the four situations where such claims are permitted. Plaintiffs cannot avoid the provisions of Rule 13(a) by casting their claims to sound in tort rather than contract.

Finally, plaintiffs assert that cases in the field of landlord-tenant and summary ejectment law support the decision of the trial court, citing to *Twin City Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 263 S.E.2d 323 (1980), and *Murillo v. Daly*, 169 N.C. App. 223, 609 S.E.2d 478 (2005). These cases hinged upon the peculiarities of the law of summary ejectment, which have no application to the construction case presently before this Court. This case is controlled by the rationale of *Jonesboro*.

We hold that the trial court erred in denying Advanced Metal's motion to dismiss. We remand the case for the trial court to grant leave to file plaintiffs' claims as counterclaims in Advanced Metal's New Hanover County action. *See Gardner* at 181, 240 S.E.2d at 406; *Brooks* at 507, 346 S.E.2d at 681.

In light of our holding, we find it unnecessary to address Advanced Metal's remaining argument.

REVERSED and REMANDED.

Judges CALABRIA and STROUD concur.