**Howard G. DINDO, Plaintiff, Appellant,**

v.

**Harold O. WHITNEY, Defendant,
Appellee.**

**No. 71–1200.**

United States Court of Appeals,
First Circuit.

Nov. 12, 1971.

Gelsie J. Monti, Barre, Vt., with whom
Maynard, Dunn & Phillips, Concord, N.
H., was on brief, for appellant.

**2**

John E. Gormley, Lancaster, N. H., with whom Gormley & Calamari, Lancaster, N. H., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

■ Following remand of this case with our order vacating the district court's sustaining of the defense of the statute of limitations, 429 F.2d 25, the defendant pleaded, successfully, that the action was barred by reason of plaintiff's having failed to assert it as a compulsory counterclaim, pursuant to F.R.Civ.P. 13 (a), in a prior action. This question we had raised ourselves, but declined to resolve because of lack of briefing, and because of its possible complexity. In now granting defendant's motion to dismiss on this ground, the court had before it certain testimony by way of depositions to which it made reference in its opinion, 52 F.R.D. 194. We accordingly consider the case in terms of a motion for summary judgment. This, of course, requires accepting plaintiff's version of the facts, no matter how unlikely they may seem. *See* Coastwise Packet Co. v. United States, 1 Cir., 1968, 398 F.2d 77, 79, cert. denied 393 U.S. 937, 89 S.Ct. 300, 21 L.Ed.2d 274.

Briefly, plaintiff Dindo alleges that defendant Whitney was a passenger in a car belonging to Whitney, but driven by Dindo; that the car went off the road, severely injuring Dindo, and that the cause of the accident was Whitney's putting his hand through the steering wheel in reaching for a flashlight on the steering shaft. Suit was brought in the district court of New Hampshire on October 29, 1968, within the New Hampshire period for suit, the accident having occurred on October 30, 1965. Dindo and Whitney had long been friends, Dindo living in Vermont and Whitney in New Hampshire. In June, 1966 Whitney sued Dindo in the district court of Vermont. Dindo gave the papers to his insurance agent, who forwarded them to Whitney's insurer which, by virtue of a clause in the policy, insured Dindo as a driver of Whitney's car with Whitney's permission. The insurer retained counsel, but informed Dindo that he should retain his own counsel as well, as the ad damnum exceeded the coverage. Dindo did not do so. In March, 1967 the insurer paid Whitney a sum within the policy limit in settlement, and an entry was made on the court docket, "Settled and discontinued." The present action is defended by the same insurer, Whitney, as the car's owner, being covered by the policy that had included coverage of Dindo.

It is clear on the record that before insurance company counsel settled the case they conferred with Dindo on a number of occasions, and apparently saw no defense to the suit. All that was said is not entirely clear. The court made findings of fact which may have been the most reasonable resolution, but which went beyond permissible bounds on a motion for summary judgment. It was proper for it to find that Dindo did not request counsel to file a counterclaim against Whitney, and that there had been time to do so, but we must accept Dindo's position that he did not realize, until he spoke with new counsel in September 1968, that he had a basis for so doing, namely, Whitney's conduct in reaching for the flashlight. Dindo, assertedly, had thought that because he was driving the car he could have no claim.

F.R.Civ.P. 13(a), omitting conditions and exceptions admittedly not presently pertinent, provides as follows.

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * *"

The accident, by whomever caused, was obviously the same transaction or occurrence. Dindo claims, however, that the compulsory rule is inapplicable to him since the original case was settled, rather than pursued to final judgment on the merits. Alternatively, he says that it is inequitable to assert the rule against

him when he had not realized he had a counterclaim until afterwards.

█ The bar arising out of Rule 13 (a) has been characterized variously. Some courts have said that a judgment is res judicata of whatever could have been pleaded in a compulsory counterclaim. Dragor Shipping Corp. v. Union Tank Car Co., 9 Cir., 1967, 378 F.2d 241; United States v. Eastport S.S. Corp., 2 Cir., 1958, 255 F.2d 795. Other courts have viewed the rule not in terms of res judicata, but as creating an estoppel or waiver. Lawhorn v. Atlantic Refining Co., 5 Cir., 1962, 299 F.2d 353; Dow Chemical Co. v. Metlon Corp., 4 Cir., 1960, 281 F.2d 292. The latter approach seems more appropriate, at least when the case is settled rather than tried. The purposes of the rule are "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Southern Constr. Co. v. Pickard, 1962, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31. If a case has been tried, protection both of the court and of the parties dictates that there should be no further directly related litigation. But if the case is settled, normally the court has not been greatly burdened, and the parties can protect themselves by demanding cross-releases. In such circumstances, absent a release, better-tailored justice seems obtainable by applying principles of equitable estoppel.

█ If, in the case at bar, Dindo, clearly having opportunity to assert it, cf. LaFollette v. Herron, D.C.Tenn., 1962, 211 F.Supp. 919, knew of the existence of a right to counterclaim, the fact that there was no final judgment on the merits should be immaterial, and a Rule 13(a) bar would be appropriate. His conscious inaction not only created the very additional litigation the rule was designed to prevent it exposed the insurer to double liability. We are not persuaded that a final judgment is a sine qua non to invocation of the bar; there is nothing in the rule limning the term "judgment."

█ However, on a motion for summary judgment this factual finding could not be made on the present record. We are not prepared to say at this time what lesser facts would compel a conclusion of estoppel as a matter of law. There should be a hearing on the merits, the facts to be found by the jury. United States ex rel. Westinghouse Electric v. James Stewart Co., 9 Cir., 1964, 336 F.2d 777, subject to instructions by the court, Home Indemnity Co. of New York v. Allen, 7 Cir., 1951, 190 F.2d 490. In this connection the court may consider the effect of the cooperation clause in the policy, if there were such, since Dindo, as the insured, would be bound by such a provision. Regardless of whether he thought he had no cross-claim, Dindo's failure, presently asserted by the insurer, to give it a full and true account of the accident, might well be found by the jury to be a breach of a cooperation clause, which, in turn, might form a basis for estoppel. Or, a matter on which we do not presently express views, without such a clause estoppel might be based upon misrepresentation.

The judgment of the district court is vacated and the action remanded for further proceedings consistent herewith.