POWELL MANUFACTURING COMPANY, INC. v. HARRINGTON MANUFACTURING COMPANY, INC.

HARRINGTON MANUFACTURING COMPANY, INC. v. POWELL MANUFACTURING COMPANY, INC.

No. 766SC100

(Filed 7 July 1976)

**Pleadings § 11; Rules of Civil Procedure § 13— compulsory counterclaim**

Plaintiff's Mecklenburg County action based on purported false advertising by defendant of defendant's mechanical tobacco harvester was a compulsory counterclaim which should have been asserted by plaintiff in defendant's prior action in Bertie County based on purported false advertising by plaintiff of plaintiffs' mechanical tobacco harvester, and defendant's motion to dismiss plaintiff's Mecklenburg County action should have been allowed.

APPEAL by plaintiff Powell Manufacturing Company, Inc., (hereinafter "Powell") from *Hasty, Judge.* Order entered 5 December 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 May 1976.

On 12 September 1974, the first of two lawsuits was begun when Harrington Manufacturing Company, Inc., (hereinafter "Harrington") brought action number 74CVS459 in Bertie County alleging that defendant Powell falsely and fraudulently advertised that Powell manufactured the "exclusive CutterBar," purportedly a unique device on a tobacco harvesting machine. Harrington maintained that Powell's "CutterBar" was remarkably similar to Harrington's splinter-knife defoliator, and it argued that this course of advertising fostered unfair trade competition, engendered a monopolistic business climate, prejudiced and deceived the public, disparaged Harrington's business circumstance and constituted a deceptive act under G.S. 75-1.1 et seq. Harrington sought, inter alia, certain monetary relief.

Powell's answer essentially denied the substantive allegations raised in the Bertie County complaint.

On 4 November 1974, several months after Harrington's action was filed in Bertie County, Powell filed an action against Harrington in the Superior Court of Mecklenburg County. Powell alleged that Harrington's "Roanoke Hydro-synchronized Blade Assembly," being advertised by Harrington as a "dramatic breakthrough in harvesting tobacco" is essentially the same machine as the one manufactured by Powell with the "Cutter-Bar." Powell asserted similar allegations regarding Harrington's advertising of curing racks and barns, and alleged that Harrington's purported misrepresentations were maliciously, unethically, and wilfully disseminated to the public, and were unfair and deceptive methods of competition under G.S. 75-1.1.

Harrington moved to dismiss Powell's complaint in action 74CVS19797 on grounds that Powell's allegations should have been raised as compulsory counterclaims in Harrington's Bertie County action 74CVS459. Harrington attacked the Mecklenburg County action on the basis of Rules 12(b)(1) and 13(a) of the North Carolina Rules of Civil Procedure.

In its order, filed 5 December 1975, the Mecklenburg County trial court, first found that both "parties allege in their

Manufacturing Co. v. Manufacturing Co.

respective actions identified hereinabove that they manufactured a tobacco harvesting combine sold throughout the tobacco growing areas of the southeast, and that the adverse party has falsely advertised and represented its respective machine." It then concluded, inter alia, that the " . . . claim set forth by Powell Manufacturing Company, Inc. in this action constitutes a compulsory Counterclaim in that action entitled *Harrington Manufacturing Company v. Powell Manufacturing Company*, File No. 74-CVS-459, filed in Bertie County on September 12, 1974, and is required to be stated in said action in Bertie County." The court ordered consolidation of the Mecklenburg action with the Bertie County lawsuit. Powell, plaintiff herein, appeals.

Other facts necessary for decision are set out in the opinion.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage and William P. Farthing, Jr., for plaintiff appellant.*

*Pritchett, Cooke & Burch, by Stephen R. Burch and William W. Pritchett, Jr., for defendant appellee.*

ARNOLD, Judge.

Appellant contends that its Mecklenburg County complaint is not a compulsory counterclaim because it does not arise out of the same transaction or occurrence as that alleged in appellee's Bertie County claim. We disagree.

G.S. 1A-1, Rule 13(a), provides in pertinent part that:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judg-

ment on that claim, and the pleader is not stating any counterclaim under this rule."

Here, a critical reading of the pleadings indicates that all of the allegations relate to and arise out of the same competitive advertising practices regarding technically sophisticated mechanical tobacco harvesters. Both parties have packaged sales programs designed to reach the same markets, and whether unlawful acts were committed in the course of these endeavors is a subject matter which ought to be litigated and resolved in the context of one lawsuit. See: *Hy-way Heat Systems, Inc. v. Jadair, Inc.*, 311 F. Supp. 454 (E.D. Wis. 1970); *United Fruit Co. v. Standard Fruit and Steamship Co.*, 282 F. Supp. 338 (Mass. 1968). As the Federal District Court, analyzing the similarly drawn Federal rule, stated at page 456 in the apparently analogous case of Hy-way Heat Systems, " . . . [b]oth claims deal with misrepresentation of the defendants' products, although from divergent standpoints . . . [and] [b]oth parties are competing for the same customers . . . [while allegedly] using basically the same unfair methods."

Appellant's action in Mecklenburg County involves purported false advertising concerning mechanical tobacco harvesters. The relationship of its claim to appellee's action in Bertie County, also involving purported false advertising of mechanical tobacco harvesters, is so logical that it must be asserted as a counterclaim in the Bertie action. A compulsory counterclaim is not limited to facts alleged in the original complaint, but includes logically related acts and conduct involving the parties. *United Fruit Co., supra,* at 339.

We have considered appellant's remaining contentions and find them to be without merit.

Appellant's action must be asserted as a compulsory counterclaim in defendant's action filed in Bertie County [74CVS459]. Therefore, defendant's motion to dismiss on grounds that the action constituted a compulsory counterclaim should have been allowed. The matter is remanded to Superior Court of Mecklenburg County for entry of an order of dismissal in accordance with this opinion.

Remanded.

Chief Judge BROCK and Judge BRITT concur.