J. DOUGLAS MORETZ v. THE NORTHWESTERN BANK

No. 8310SC323

(Filed 20 March 1984)

**Rules of Civil Procedure § 13; Unfair Competition § 1— failure to plead compulsory counterclaim—principles of equity not frustrating unfair trade practices claim**

Although plaintiff's claim should have been filed as a compulsory counterclaim pursuant to G.S. 1A-1, Rule 13(a), for equity reasons, the trial court erred in dismissing plaintiff's cause of action for unfair trade practices in violation of G.S. 75-1.1 which plaintiff alleged defendant committed in the course of legal and financial transactions between 1977 and 1979. The remedies provided pursuant to G.S. 75-1.1 are equitable in nature and should not be frustrated by narrow and strict applications of procedural rules.

Judge PHILLIPS concurring in the result.

APPEAL by plaintiff from *Hobgood, Robert, Judge.* Judgment entered 14 December 1982 in WAKE County Superior Court. Heard in the Court of Appeals 15 February 1984.

Plaintiff's complaint alleged that defendant committed unfair trade practices in violation of N.C. Gen. Stat. § 75-1.1 (1981) in the course of legal and financial transactions between 1977 and 1979, in summary, as follows. On 11 November 1976 Clyde C. Baker executed a $3,000.00 note to defendant, payable in one year. Plaintiff signed the note as an endorser. When the note fell due, Baker wrote a worthless check to defendant and never paid the obligation. On 9 December 1977, at defendant's request, plaintiff executed a new promissory note for $3,000.00 plus interest, subject to the condition precedent that defendant pursue all possible efforts to collect the note from Baker, including criminal prosecution for giving defendant a worthless check. When defendant filed criminal charges against Baker, Baker hired defendant's retained

counsel to represent him on the worthless check charge. At the request of defendant's retained counsel, bank officer Jerry Almond wrote to the district court, indicating that Baker's 1976 note had been paid by an endorser and that defendant no longer had any interest in prosecuting Baker. In August, 1978, Baker entered a plea of no contest to the worthless check charge and was given a sixty day suspended jail sentence and fined $25.00. No order of restitution was made. After trial, the letter written by Almond was removed from the court files. In May, 1979, defendant sued plaintiff on the 1977 note. Plaintiff answered defendant's complaint, alleging that defendant had willfully failed to fulfill the condition precedent that defendant would pursue every possible effort to collect the obligation from Baker and that plaintiff was therefore relieved of any obligation to defendant on the 1977 note. Plaintiff prevailed in that action. On appeal, judgment in favor of plaintiff was affirmed by this court in *Northwestern Bank v. Moretz*, 56 N.C. App. 710, 289 S.E. 2d 614 (1982).

Plaintiff filed the present action in July, 1982. Defendant moved to dismiss for plaintiff's failure to state a claim on which relief might be granted under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. The trial court held that under N.C. Gen. Stat. § 1A-1, Rule 13(a) of the Rules of Civil Procedure, plaintiff's claim should have been brought as a compulsory counterclaim in the prior action between the parties, and ordered that plaintiff's action be dismissed. From entry of the order dismissing his action, plaintiff appealed.

*Margot Roten and Kimzey, Smith, McMillan & Roten, by Duncan A. McMillan, for plaintiff.*

*Tharrington, Smith & Hargrove, by John R. Edwards and Elizabeth F. Kuniholm, for defendant.*

WELLS, Judge.

Plaintiff contends that the trial court erred in dismissing his suit under Rule 13(a) of the Rules of Civil Procedure[1] because

---

1. G.S. § 1A-1, Rule 13(a). (a) *Compulsory counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its ad-

plaintiff's G.S. § 75-1.1[2] action for unfair trade practices had not matured at the time plaintiff answered defendant's complaint in the prior action between plaintiff and defendant and was therefore not a compulsory counterclaim. While we must disagree with this argument, we nevertheless hold for other reasons that plaintiff's suit should not have been dismissed under Rule 13(a).

It is clear from plaintiff's complaint that all of the transactions and occurrences constituting defendant's unfair practices had taken place when plaintiff filed his answer in the previous action and plaintiff concedes that when he answered defendant's complaint, he was aware of those events and circumstances. The injury was therefore then extant, the only unknown aspect of the matter being the extent of plaintiff's damages. It would appear that at the trial of the prior action, plaintiff's ultimate and entire damages would have been somewhat speculative since plaintiff incurred post trial damages in defending defendant's action against him at the appellate level.

Our decision, however, is based on principles of equity. The remedies provided pursuant to G.S. § 75-1.1 are equitable in nature and should not be frustrated by narrow or strict applications of procedural rules. At the time plaintiff filed his answer in the prior action, there was a degree of uncertainty as to the maturity of his G.S. § 75-1.1 claim against defendant sufficient to require a careful balancing of the procedural requirements of Rule 13(a) of the Rules of Civil Procedure and the equitable

---

judication the presence of third parties of whom the court cannot acquire jurisdiction. . .

2. § 75-1.1. *Methods of competition, acts and practices regulated; legislative policy.* (a) Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful. (b) For purposes of this section, "commerce" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession. (c) Nothing in this section shall apply to acts done by the publisher, owner, agent, or employee of a newspaper, periodical or radio or television station, or other advertising medium in the publication or dissemination of an advertisement, when the owner, agent or employee did not have knowledge of the false, misleading or deceptive character of the advertisement and when the newspaper, periodical or radio or television station, or other advertising medium did not have a direct financial interest in the sale or distribution of the advertised product or service. (d) Any party claiming to be exempt from the provisions of this section shall have the burden of proof with respect to such claim.

remedies of G.S. § 75-1.1. It would offend our sense of justice to allow defendant to avoid answering in this action for its flagrant conduct through a narrow or strict application of the provisions of Rule 13(a) of the Rules of Civil Procedure, thereby defeating the balancing process we deem necessary in this case.

For the reasons stated, the order of the trial court must be reversed and this cause must be remanded for further proceedings on the merits of plaintiff's action.

Reversed and remanded.

Judge BRASWELL concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring.

Though I agree that the judgment appealed from was erroneous and must be reversed and that it would be inequitable and unconscionable to bar plaintiff's claim under the circumstances recorded, I do not agree that except for the equities involved the claim that plaintiff asserts in this suit meets the requirements for compulsory counterclaims laid down in Rule 13(a) of the North Carolina Rules of Civil Procedure. In my opinion Rule 13(a) has no application to plaintiff's claim for two reasons: First, it did not arise out of the transaction or occurrence that the bank's prior suit was based on, as that rule requires. Second, the claim had not ripened into maturity when plaintiff filed answer to the bank's suit, and it is inherent that the only claims that have to, or can, be asserted are those that are in existence.

The transaction or occurrence that the bank's prior suit against plaintiff arose out of was plaintiff's endorsement of the 1977 note executed by Baker; on the other hand the transaction or occurrence that this suit by the plaintiff arose out of was the bank's foundationless lawsuit against him to collect under the endorsement. Until the spuriousness of that suit was established, and it took a trial and appeal adverse to defendant to do it, the present suit had no basis whatever. The defendant's deceitful and duplicitous practices, though plaintiff learned about them before the other suit was brought, were but some of the foundation

stones of the present case. By themselves, however, they had no legal significance and blossomed into a valid claim only when they were joined by plaintiff being damaged by the prior lawsuit and, equally important, by the lawsuit being determined to be unjust and invalid. The minor damage that plaintiff sustained before answer was filed in that case, by having to employ counsel, did not complete the claim asserted in this case. Valid claims and counterclaims alike are based not on hopes, expectations, or future events; but on events that have already come to pass. If defendant had won that case, as it tried to do for three years and could have done up to the very end when its appeal was lost, plaintiff would have had no claim. Thus when answer was filed in that case, plaintiff had no claim to assert—he only had the prospect of a claim, about which Rule 13(a) is silent.