NANCY C. BROOKS v. LEE ROGERS; CAROLINA BUSINESS CONSULTANTS, INC.; LEE ROGERS, INC.; BURROUGHS AND ROGERS, INC.; AND LEE ROGERS AND RUTH R. BURROUGHS D/B/A BURROUGHS AND ROGERS, A PARTNERSHIP

No. 8618SC110

(Filed 19 August 1986)

**Rules of Civil Procedure § 13— complaint dismissed—compulsory counterclaim— leave to file as counterclaims**

> The trial court properly dismissed an action against a financial adviser where the plaintiff's claims were compulsory counterclaims in defendants' action against plaintiff under the terms of N.C.G.S. § 1A-1, Rule 13(a) because they were extant at the time defendant Rogers filed his action; they did not require for their adjudication the presence of third parties over whom the court could not acquire jurisdiction; the two specific exceptions in N.C.G.S. 1A-1, Rule 13(a) clearly did not apply; and the claims arose out of the transaction or occurrence that was the subject matter of the opposing party's claim in that they involved a common factual background, involved substantially the same evidence, and were logically intertwined. However, the court erred by failing to grant leave to file those claims as counterclaims in defendants' action against plaintiff.

APPEAL by plaintiff from *Rousseau, Judge.* Order entered 3 September 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 5 June 1986.

*Richard M. Pearman, Jr., for plaintiff appellant.*

*Kirby, Wallace, Creech, Sarda & Zaytoun, by John R. Wallace, for defendant appellees Lee Rogers, Carolina Business Consultants, Inc., and Lee Rogers, Inc.*

*McMillan, Kimzey, Smith & Roten, by Russell W. Roten, for defendant appellees Burroughs and Rogers, Inc., and Lee Rogers and Ruth R. Burroughs d/b/a Burroughs and Rogers partnership.*

BECTON, Judge.

This appeal is from an order dismissing plaintiff Nancy C. Brooks' action on the ground that it should have been filed as a counterclaim in a prior pending action. We modify and affirm the trial court's order.

The main issue before us is whether, under Rule 13(a) of the North Carolina Rules of Civil Procedure, the claims filed by Brooks in her Guilford County action constitute compulsory counterclaims in a prior action filed in Wake County by defendant Lee Rogers.

I

Nancy C. Brooks filed an action in Guilford County on 13 September 1983. She sued Lee Rogers, individually, and several corporations and one partnership through which Rogers allegedly acted to defraud Brooks. She alleged in her complaint that in September 1980, she retained Rogers as a personal and confidential financial advisor to assist her in managing an inheritance she had received when her husband had died one month earlier. According to Brooks, Rogers instructed her to issue a $10,000 check to one of the defendant corporations of which Rogers was president and principal stockholder. Rogers allegedly represented himself to be an expert in personal financial management and convinced Brooks to invest her money through him and his businesses. Brooks claims that, as part of Rogers' scheme, he convinced her to purchase a $100,000 certificate of deposit which was to be used primarily as collateral for loans.

Brooks then described in her complaint a series of investment transactions arranged for Brooks by Rogers, including the purchase and sale of a motel, an apartment complex, and two residential lots on which houses were to be constructed. In some of these transactions, Rogers co-invested with Brooks through various business entities.

Brooks claimed that Rogers engaged in a pattern of extensive misrepresentation, conversion of Brooks' funds, fraud, forgery, and unfair and deceptive trade practices regarding these investments and her funds. She also claimed that Rogers breached his fiduciary duty toward her in handling her in-

heritance tax return, income tax return, and a mortgage loan for a home she planned to buy in Greensboro.

Finally, Brooks alleged that Rogers breached his promise not to totally deplete her certificate of deposit, and she claimed that this breach left her unable to satisfy her liability to State Bank for certain interest payments. According to Brooks, she received two unsolicited payments from Rogers, checks for $10,653.33 and $2,092.55, which contained no restrictions or explanations. She endorsed the checks, believing them to be late returns on her investments. She received a third check from Rogers, for $949.82, on 16 March 1983, which she treated as the others; but it was returned for insufficient funds.

The allegedly wrongful acts spanned a period of nearly three years.

In her prayer for relief, Brooks requested $200,000 damages, $500,000 punitive damages, treble damages and attorney's fees. She also asked the court to issue an order of Arrest and Bail as to Rogers.

On 9 November 1983, default judgment was entered as to defendant Lee Rogers, Inc. On 15 November 1983, the remaining defendants filed a motion to dismiss and abate Brooks' action on the ground that a prior pending action in Wake County arose out of the same transactions and occurrences alleged by Brooks.

An action had been filed by Rogers, individually, against Brooks in Wake County on 30 August 1983. In the Wake County action, Rogers claimed that he had made loans to Brooks of $10,653.33 and $2,092.55 of which $12,092.55 remained unpaid; that he had advanced $8,038.74 for the construction of a house which had not been repaid; that Brooks' $1,457.35 interest obligation to Branch Banking and Trust Company for a construction loan had been satisfied by Burroughs & Rogers, Inc. and Lee Rogers, Inc. who subsequently assigned their claims to Rogers; and that Brooks was unjustly enriched by the total of the advances ($9,496.09) made on her behalf.

Finally, Rogers claimed that a $125,000 construction loan for the apartment complex had been made jointly to Brooks, to a corporation in which Rogers was a shareholder, and to other investors. According to Rogers, when this loan came due, all the

owners except Brooks agreed to execute a new note to Branch Banking and Trust; he alleged that Brooks made false and misleading statements to the bank which were intended to and did damage Rogers' business reputation with the bank.

Rogers requested $250,000 general compensatory damages for the alleged libel, $12,092.55 for the loans and $9,496.09 for the advances.

On 30 November 1983, mistakenly believing service of process rather than the filing of a complaint determined the commencement of an action, Brooks filed a motion to dismiss and abate Rogers' Wake County action. On 9 July 1984, the Wake County Superior Court denied Brooks' motion. The basis for its ruling was that the Wake County action had been initiated before the Guilford County action, and that, therefore, the Guilford County action could not be a "prior pending action." Nothing in the Order indicates the court's opinion as to whether Brooks' claims in the Guilford County action should have been asserted as compulsory countercalims in Rogers' Wake County action.

On 26 March 1985, venue for Rogers' Wake County action was transferred to Guilford County. On 20 August 1985, Brooks moved to consolidate the two cases, asserting that they involved "common questions of law and fact."

On 3 September 1985, the Guilford County Superior Court issued an order granting a motion, filed on 15 November 1983 by the defendants in Brooks' action, to dismiss and abate Brooks' case. Brooks appeals from this Order. She argues that the court erred in dismissing her action because (1) the court had no factual basis for its orders; (2) Brooks' claims against Rogers do not constitute compulsory counterclaims in Rogers' action; (3) Brooks' claims against the other defendants do not constitute compulsory counterclaims in Rogers' action; and (4) all defendants waived their rights to object to this proceeding. Finally, she argues that (5) the court erred in refusing to rule on her motion for sanctions.

We affirm the dismissal of Brooks' action, but we modify the trial court's order to grant leave to Brooks to file her claims as counterclaims in Rogers' pending action.

## II

The main issue we are asked to consider is whether Brooks' claims are compulsory counterclaims in Rogers' action. We address this issue first, as it is dispositive of all Brooks' arguments on appeal.

Defendants' motion to dismiss Brooks' action is based on Rule 13(a) of the North Carolina Rules of Civil Procedure which provides:

*Compulsory counterclaims.*—A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

We reject Brooks' argument that no claim can be considered a compulsory counterclaim unless it is against the original opposing party or parties. Although to succeed on a theory of common law abatement, strict identity of parties was required, *see Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796 (1952), this appeal involves the new rule, Rule 13(a), which clearly contemplates that all counterclaims arising out of the same transaction or occurrence be asserted even if other parties must then be joined, *as long as the court can acquire jurisdiction over them.* And we recognize there is dicta in *Gardner v. Gardner*, 294 N.C. 172, 175 n. 5, 240 S.E. 2d 399, 402 (1978) suggesting that although the former plea in abatement is abolished, the substantive law of abatement may still be applicable. To the extent that it is, there is no abatement here. There is no identify of the parties, and

judgment on the merits in favor of Rogers in the first action will not bar Brooks' prosecution of the second. *See Cameron.*

We also reject Rogers' contention that the 9 July 1984 Order, which has not been appealed, resolved whether Brooks' claims were compulsory counterclaims under Rule 13(a). The court simply determined that Brooks' motion to dismiss and abate Rogers' action could not be granted because Rogers' action had been filed first.

The proper analysis under Rule 13(a) was set forth in *Gardner* (applying the rule to domestic actions). *See Atkins v. Nash,* 61 N.C. App. 488, 300 S.E. 2d 880 (1983) (holding that the *Gardner* analysis is generally applicable in all types of cases). The *Gardner* Court held that if an action may be denominated a compulsory counterclaim in a prior action, it must be either (1) dismissed with leave to file it in the former case or (2) stayed until the conclusion of the former case. 294 N.C. at 177, 240 S.E. 2d at 403. Because the purpose of Rule 13(a) is to combine related claims in one action, "thereby avoiding a wasteful multiplicity of litigation," *id.* at 176-77, 240 S.E. 2d at 403 (quoting Wright & Miller, Federal Practice and Procedure, Sec. 1409, at 37 (1971)), we believe the option to stay the second action should be reserved for unusual circumstances, not present in the case at bar. *See generally* Note, *Civil Procedure—New Rules for an Old Game: North Carolina Compulsory Counterclaim Provision Applies in Divorce Suits,* 57 N.C.L. Rev. 439, 444-45 (1979). Therefore, if Brooks' action constitutes a compulsory counterclaim in Rogers' action, it must be dismissed with leave to file it as such in Rogers' case.

We conclude that under the terms of Rule 13(a), Brooks' claims are compulsory counterclaims in Rogers' action. They were extant at the time Rogers filed his action; they do not require for their adjudication "the presence of third parties of whom the court cannot acquire jurisdiction"; and the two specific exceptions in Rule 13(a) clearly do not apply. *See Atkins.*

The claims also arise out of "the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." In determining whether certain claims arose out of the same transaction or occurrence as a prior action for purposes of treating them as compulsory counterclaims, several factors are considered: (1) whether the issues of fact and law are largely the same; (2)

whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions. *Curlings v. Macemore*, 57 N.C. App. 200, 202, 290 S.E. 2d 725, 726 (1982) (quoting *Whigham v. Beneficial Finance Company of Fayetteville*, 599 F. 2d 1322, 1323 (4th Cir. 1979) ). There must be not only a common factual background but also a logical relationship in the nature of the actions and the remedies sought. *Twin City Apartments, Inc. v. Landrum*, 45 N.C. App. 490, 493-94, 263 S.E. 2d 323, 325 (1980).

A careful comparison of the allegations in Brooks' complaint with those in Rogers' reveals that the two actions arose out of the same factual background. Ironically, Brooks argued in paragraph 5 of her 30 November 1983 motion to dismiss and abate Rogers' action that the actions are logically related and involve many similar claims:

> 5. The subject matter of the pending action [brought by Brooks] in Guilford completely covers and encompasses the claims of the plaintiff herein against Nancy C. Brooks, which arise out of the fiduciary relationship which exist[ed] between the plaintiff and Brooks and the investment policies employed by the plaintiff in connection with said Nancy C. Brooks, resulting in losses for fraud, forgery, and the like. Moreover the relationship between these two involved the construction of two houses in Wake County, an apartment complex in Watauga County and the purchase and sale of a motel complex in Watauga County. All of the claims of the plaintiff herein deal with damages and losses which he maintains he suffered as [a] result of this relationship. Similar claims, although of a more expensive [sic] nature, are asserted by Nancy C. Brooks in her action in Guilford County.

We agree that the actions involve a common factual background; they also involve substantially the same evidence. In order to recover on her claims, Brooks will have to prove, at the least, the extent and nature of Rogers' fiduciary relationship with her; the terms of their agreements and his representations of her obligations; and their understandings regarding the status of funds that passed between them. Rogers will have to rely on substantially the same evidence to prove that he advanced money on Brooks' behalf with her consent and in the course of representing

her interests and that the funds he gave her were loans, not late returns on her investments. Each party obviously must rely on different explanations and theories of recovery. Nonetheless, on the facts of this case, the determination whether a given transaction had a legal effect as asserted by one party necessarily will resolve the conflicting assertion as to the law by the other party.

The claims are also logically intertwined, both in fact and in law. For example, Rogers claims Brooks owes money for advances he made as her authorized agent regarding the construction of a certain house, while Brooks claims that Rogers misrepresented his credentials and fraudulently acquired her money for this investment. Rogers contends that Brooks failed to repay two loans; she claims the transactions were repayments on her investments, not loans at all. Rogers claims Brooks wrongfully refused to execute a new promissory note when the old note came due, thereby damaging his business reputation; she asserts that he misappropriated the funds raised by the original note and breached his fiduciary duties to document and account for her ownership interests in the property he allegedly purchased on her behalf.

We recognize that each party asserts legal theories not asserted by the other. *Compare Atkins* (Both sides asserted claim for breach of contract.); *Powell Manufacturing Company v. Harrington Manufacturing Company*, 30 N.C. App. 97, 226 S.E. 2d 173 (Both sides asserted claims for false advertising concerning the same type of equipment.), *appeal dismissed and disc. rev. allowed for limited purpose of granting leave to assert counterclaims*, 290 N.C. 662, 228 S.E. 2d 454 (1976), *appeal dismisseed and cert. denied*, 429 U.S. 1031, 50 L.Ed. 2d 743, 97 S.Ct. 722 (1977). But Rule 13(a) does not require that the legal claims be identical. It is sufficient that the nature of the actions and the remedies sought are logically related in fact and law. The case at bar is distinguishable from cases in which the only connection or logical nexus between the claims and counterclaims was the relationship between the parties as landlord and tenant. *See, e.g., Winston-Salem Joint Venture v. Cathy's Boutique, Inc.*, 72 N.C. App. 673, 325 S.E. 2d 286 (1985); *Curlings*.

*Moretz v. Northwestern Bank*, 67 N.C. App. 312, 313 S.E. 2d 8, *disc. rev. denied*, 311 N.C. 761, 321 S.E. 2d 141 (1984) supports the decision in the case at bar. In *Moretz*, this Court concluded

that an action for unfair and deceptive trade practices alleging that the defendant willfully failed to fulfill a condition precedent on a promissory note would constitute a compulsory counterclaim that should have been filed in a prior action to recover money on the same note. Nonetheless, we held that, based on principles of equity, the second action should be allowed to avoid frustrating the equitable purposes and remedies contained in N.C. Gen. Stat. Sec. 75-1.1 (1981) (recompiled 1985). 67 N.C. App. at 314-15, 313 S.E. 2d at 10. In the case at bar, the prior action is apparently still pending, and, under *Gardner*, Brooks would be granted leave to assert her counterclaims in that action. *See Gardner; Atkins.*

The fact that Brooks named as defendants in her action several parties not named in Rogers' action is not significant in this case. The additional parties are all business entities through which (according to Brooks) Rogers acted to defraud her of her inheritance. In fact, two of these additional parties assigned to Rogers their claims against Brooks. Brooks' claims against these parties arose out of the same transactions that are the subject matter of Rogers' claims against Brooks. Brooks may join these parties in Rogers' action under Rule 13(h).

We hold that Brooks' claims may be denominated compulsory counterclaims in Rogers' prior action. Therefore, the trial court properly dismissed Brooks' action. But the court erred in failing to grant leave to file those claims as counterclaims in Rogers' action. We remand the case for the court to enter this instruction. If Rogers' action has proceeded to judgment by the time this case is remanded, Brooks' equitable claims should proceed to trial. *See Moretz.*

### III

Because of our resolution of the compulsory counterclaim issue, Brooks' first argument must fail. Brooks argues that the court did not have the complete files of both cases before it and that, therefore, it was error to make a factual determination that Brooks' claims were compulsory counterclaims. But even assuming these assertions are correct, we hold that the alleged error was harmless. We also note that *Curlings* does not, as Brooks asserts, require the trial court to make specific findings of fact in the record.

We also reject Brooks' argument that the defendants waived their right to argue that her case should be dismissed. Contrary to Brooks' suggestions, the record reveals that defendants did not voluntarily participate in discovery in Brooks' action—they were ordered to respond to Brooks' interrogatories and requests for documents. More importantly, defendants moved to dismiss Brooks' action based on a prior pending action soon after they were served with process. Thus, the decision in *Bethea v. Bethea*, 43 N.C. App. 372, 258 S.E. 2d 796 (1979), *disc. rev. denied*, 299 N.C. 119, 261 S.E. 2d 922 (1980) does not apply to this case.

Finally, because the case was properly dismissed, we affirm the trial court's refusal to rule on Brooks' motion for sanctions relating to discovery.

### IV

For the reasons stated above, the trial court's dismissal of Brooks' action on the ground that her claims should have been filed as compulsory counterclaims under Rule 13(a) in a prior pending action is modified and affirmed. The trial court is instructed to grant leave to Brooks to file her claims as counterclaims in Rogers' action.

Modified and affirmed.

Judges ARNOLD and WELLS concur.