**HUDSON v. HUDSON**

[135 N.C. App. 97 (1999)]

Affirmed.

Judges LEWIS and HUNTER concur.

---

FITZGERALD S. HUDSON, Plaintiff v. SUSAN W. HUDSON, Defendant

No. COA98-1337

(Filed 21 September 1999)

**Pleadings— compulsory counterclaim—claim for money owed—previously filed domestic action**

An order dismissing a complaint was affirmed and the matter remanded where plaintiff's claim for money owed was a compulsory counterclaim to defendant's previously filed claim for fraud in her domestic complaint. Plaintiff's claim arose out of the same transaction or occurrence as the pending fraud claim, and, although the trial court was correct in dismissing plaintiff's claim, it should have granted plaintiff leave to file the claim as a counterclaim in the pending domestic action.

Appeal by plaintiff from order entered 1 July 1998 by Judge Frank R. Brown in Wilson County Superior Court. Heard in the Court of Appeals 17 August 1999.

*Porter & Steel, PLLC, by Charles L. Steel, IV and Susan H. Hargrove, for plaintiff-appellant.*

*Robinson & Lawing, L.L.P., by Norwood Robinson, C. Ray Grantham, Jr. and H. Brent Helms, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Plaintiff Fitzgerald S. Hudson appeals from an order denying his motion under Rule 60(b) of the North Carolina Rules of Civil Procedure for relief from an order dismissing his complaint. Having carefully examined the issues raised on appeal, we affirm the dismissal of plaintiff's claim, but we modify the order of the trial court to grant leave to plaintiff to file his claim as a counterclaim in defendant's pending domestic action.

Plaintiff filed an action against defendant Susan W. Hudson on 9 January 1998 in the Superior Court of Wilson County seeking to collect money due and owing on two promissory notes (hereinafter, "the Notes"). Plaintiff and defendant were husband and wife, and defendant executed the Notes during the course of the parties' marriage. On 17 March 1998, defendant filed a motion to dismiss plaintiff's complaint, alleging, *inter alia*, that the trial court lacked jurisdiction over the subject matter. In support of the motion, defendant asserted that the Notes were the subject of a pending domestic action instituted by defendant on 29 December 1997 against plaintiff for post-separation support, alimony, attorney's fees, fraud, breach of fiduciary duty and constructive trust, and equitable distribution. Defendant further averred that the court lacked jurisdiction because, pursuant to section 7A-244 of the North Carolina General Statutes, plaintiff's suit on the Notes "involved a domestic matter" and, therefore, should have been brought in the district court division.

On 19 March 1998, defendant's counsel sent a letter and a Request to Calender to the Clerk of Court for Wilson County asking that defendant's motion to dismiss be placed on the 13 April 1998 calender. Defendant's counsel also served plaintiff's counsel with a Notice of Hearing for 13 April 1998. Plaintiff's counsel concedes that he received copies of the Request to Calender and Notice of Hearing for 13 April 1998, but he contends that he subsequently received a "Final Calender" from the Wilson County Clerk of Court which he understood to show that defendant's motion would be heard on 20 April 1998. Thus, when the matter was called for hearing before Judge Frank R. Brown on 13 April 1998, plaintiff's counsel was absent. The court then issued an order allowing defendant's motion to dismiss, citing the failure of plaintiff's counsel to appear and offer argument in opposition to defendant's motion as a basis for granting the motion.

Thereafter, plaintiff filed a motion under Rule 60(b)(1) of the Rules of Civil Procedure for relief from the 13 April 1998 order dismissing plaintiff's complaint. The motion stated that the absence of plaintiff's counsel from the 13 April 1998 hearing on defendant's motion to dismiss was due to the fact that plaintiff's counsel had received a Final Calender "indicating" that the motion would be heard on 20 April 1998. Plaintiff's motion for relief came on for hearing on 8 June 1998, and by order dated 1 July 1998, the trial court denied the motion, stating that although plaintiff had shown excusable neglect in failing to appear on 13 April 1998, the court lacked subject matter

**HUDSON v. HUDSON**

[135 N.C. App. 97 (1999)]

jurisdiction pursuant to section 7A-244 of the General Statutes. Plaintiff filed timely notice of appeal.

On appeal, plaintiff assigns error to the trial court's failure to set aside the order of dismissal based on its determination that it lacked jurisdiction of the subject matter under section 7A-244 of the General Statutes. Plaintiff contends that section 7A-244 does not apply to the present set of facts, because the statute does not specifically list an action to enforce a promissory note as one that is appropriately heard in the district court division as a domestic relations matter. Plaintiff further argues that under our Supreme Court's holding in *Stanback v. Stanback*, 287 N.C. 448, 215 S.E.2d 40 (1975), section 7A-244 is not a jurisdictional statute. We need not, however, reach plaintiff's contention regarding the applicability of section 7A-244 to this case, because we conclude that plaintiff's claim was a compulsory counterclaim in defendant's previously filed domestic action and, therefore, was properly dismissed.

Rule 13(a) of the North Carolina Rules of Civil Procedure provides as follows regarding compulsory counterclaims:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

N.C. Gen. Stat. § 1A-1, Rule 13(a) (1990). "The purpose of Rule 13(a), making certain counterclaims compulsory, is to enable one court to resolve 'all related claims in one action, thereby avoiding a wasteful multiplicity of litigation[.]' " *Gardner v. Gardner*, 294 N.C. 172, 176-77, 240 S.E.2d 399, 403 (1978) (quoting Wright and Miller, Federal Practice and Procedure § 1409, p. 37 (1971)). Determining if a partic-

ular claim "arises out of the same transaction or occurrence" as that which serves as the basis for an opposing party's claim requires consideration of "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions." *Brooks v. Rogers*, 82 N.C. App. 502, 507-08, 346 S.E.2d 677, 681 (1986). In addition to a common factual background, there must be "a logical relationship in the nature of the actions and the remedies sought." *Id.* at 508, 346 S.E.2d at 681.

We are satisfied that, in the instant case, plaintiff's claim for money owed is a compulsory counterclaim with regard to defendant's previously filed claim for fraud. In her domestic complaint, defendant contends that plaintiff persuaded her to borrow money from him and to execute the Loan Agreement and Notes to pay off debt encumbering real property she inherited from her father. Defendant claims that plaintiff fraudulently represented to her that he would never enforce the loans but would, instead, use them as a tax write-off on the couple's joint tax return. As relief, defendant seeks punitive damages and rescission of the instruments. In plaintiff's subsequent cause of action, he contends that the Loan Agreement and Notes were duly executed and that despite his having demanded payment of the sums owed under the instruments, defendant has failed and refused to make any such payment. Plaintiff seeks to recover the amount owed, plus interest and costs. In light of these facts, we conclude that plaintiff's claim "arises out of the same transaction or occurrence" as defendant's pending fraud claim. Moreover, since plaintiff's claim existed at the time defendant filed her action, since it does not require for its adjudication "the presence of third parties of whom the court cannot acquire jurisdiction," N.C.G.S. § 1A-1, Rule 13(a), and since the exceptions to Rule 13(a) do not apply, we hold that plaintiff's claim is properly denominated a compulsory counterclaim. *See Brooks*, 82 N.C. App. 502, 346 S.E.2d 677 (1986) (holding that investor's fraud claim against financial advisor was compulsory counterclaim in advisor's prior pending action for money owed on loans to investor); *Moretz v. Northwestern Bank*, 67 N.C. App. 312, 313 S.E.2d 8 (1984) (concluding that action for unfair and deceptive trade practices asserting that defendant willfully failed to satisfy condition precedent on promissory note constituted a compulsory counterclaim that should have been brought in prior action to recover money on same note). We proceed now to the issue of what becomes of plaintiff's claim.

**HUDSON v. HUDSON**

[135 N.C. App. 97 (1999)]

Regarding the treatment of compulsory counterclaims in marital disputes, the Supreme Court, in *Gardner*, 294 N.C. 172, 240 S.E.2d 399, held as follows:

> Any claim which is filed as an independent, separate action by one spouse during the pendency of a prior claim filed by the other spouse and which may be denominated a compulsory counterclaim under Rule 13(a), may not be prosecuted during the pendency of the prior action but must be dismissed with leave to file it as a counterclaim in the prior action or stayed until final judgment has been entered in that action. The claim, however, will not be barred by reason of Rule 13 (a) if it is filed after final judgment has been entered in the prior action.

*Id.* at 181, 240 S.E.2d at 406. This Court has stated, nonetheless, that "the option to stay the second action should be reserved for unusual circumstances." *Brooks v. Rogers*, 82 N.C. App. 502, 507, 346 S.E.2d 677, 681 (1986). Thus, although the trial court was correct in dismissing plaintiff's claim, the court should have granted plaintiff leave to file the claim as a counterclaim in defendant's pending domestic action. We, therefore, remand this case for the trial court to enter such an instruction. Furthermore, given our determination that plaintiff's claim was properly dismissed, we need not address defendant's cross-assignment arguing that the court improperly concluded that "[p]laintiff had shown excusable neglect in failing to appear for hearing on April 12, 1998."

Based upon the foregoing, the order dismissing plaintiff's complaint is affirmed and this matter remanded to the Superior Court for entry of an instruction permitting plaintiff leave to file his claim against defendant as a counterclaim in defendant's earlier filed domestic action. If defendant's action has proceeded to judgment by the time this case is remanded, plaintiff's claims should proceed to trial in the Superior Court.

AFFIRMED AND REMANDED.

Judges GREENE and HORTON concur.