LILLIE FREEMAN KEMP, PLAINTIFF v. KRISTY GAYLE SPIVEY AND TABOR CITY RESCUE SQUAD, DEFENDANTS

No. COA03-1022

(Filed 5 October 2004)

**1. Pleadings— compulsory counterclaim—negligence—total damages still speculative—claim fully mature**

Plaintiff's negligence claim was in fact an unfiled compulsory counterclaim where plaintiff participated in an earlier action as a third-party defendant and all claims in that action were settled. Plaintiff was fully aware of the events and circumstances of her injury and was unaware only of the total damages.

**2. Pleadings— compulsory counterclaim—earlier settled action—waiver**

The dismissal of a negligence claim as an unfiled compulsory counterclaim to an earlier settled action was reversed and remanded where the parties were not given a full opportunity to present evidence on estoppel.

Judge GEER concurring.

Appeal by plaintiff from order filed 19 March 2003 by Judge B. Craig Ellis in Columbus County Superior Court. Heard in the Court of Appeals 21 April 2004.

*Hill & High, L.L.P., by John Alan High, for plaintiff-appellant.*

*Barnes, Braswell & Haithcock, P.A., by Glenn A. Barfield, for defendant-appellees.*

KEMP v. SPIVEY

[166 N.C. App. 456 (2004)]

BRYANT, Judge.

Lillie Freeman Kemp (plaintiff) appeals an order filed 19 March 2003 granting Kristy Gayle Spivey and Tabor City Rescue Squad's (defendants') joint motion to dismiss the complaint based on a violation of N.C. Gen. Stat. § 1A-1, Rule 13(a) (compulsory counterclaim).

On 14 January 1999, Kemp and Spivey were involved in an automobile accident. At the time of the collision, Kemp, a school bus driver, was operating a school bus with students onboard. Spivey, an emergency technician, was operating a Rescue Squad ambulance. Several persons, both on the school bus and ambulance, were injured.

Multiple claims were filed between 1999 and 2000 in Columbus County concerning the accident. In each of the claims, the plaintiffs alleged that Spivey, in the course and scope of her employment with the Rescue Squad, negligently operated the ambulance, causing the collision. Defendants Spivey and the Rescue Squad answered in each case, denying negligence on the part of Spivey, and filed third-party complaints against Kemp, alleging Kemp's negligence caused or contributed to the collision. In each case, Kemp was represented by the Attorney General's Office of the State of North Carolina. In each case, Kemp filed an answer to the third-party complaint and counterclaimed for indemnity. Each civil action was resolved by way of a settlement agreement and a release from further liability. Kemp was represented in each settlement agreement by an attorney from the Attorney General's Office who participated in, and signed each settlement and release agreement.

Kemp filed her complaint against defendants on 21 December 2001, alleging Spivey, while acting in the course and scope of her duties as an employee of the Rescue Squad negligently operated an ambulance, causing the accident. Defendants filed an answer denying negligence on the part of Spivey and asserting the affirmative defense of contributory negligence. On 10 February 2003, defendants filed a motion to dismiss Kemp's complaint on the ground that the claim was a compulsory counterclaim that she failed to previously assert, and thus waived her right to bring the separate action. By order filed 19 March 2003, the trial court granted defendants' motion to dismiss.

Kemp presents two arguments on appeal: (I) whether her claim was mature at the time the original complaints and third-party com-

plaints were filed; and (II) whether the trial court erred in dismissing her claim instead of allowing her to maintain a separate action.

I

[1] Kemp first argues that her claim was not mature at the time the original complaints and third-party complaints were filed; therefore, she was not barred from filing her counterclaim thereafter. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 13(a) provides as follows regarding compulsory counterclaims:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if

(1) At the time the action was commenced the claim was the subject of another pending action, or

(2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this rule.

N.C.G.S. § 1A-1, Rule 13(a) (2003).

"The purpose of Rule 13(a), making certain counterclaims compulsory, is to enable one court to resolve 'all related claims in one action, thereby avoiding a wasteful multiplicity of litigation.'" *Gardner v. Gardner*, 294 N.C. 172, 176-77, 240 S.E.2d 399, 403 (1978) (citation omitted). Determining whether a particular claim "arises out of the same transaction or occurrence" requires consideration of "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action; and (3) whether there is a logical relationship between the two actions." *Brooks v. Rogers*, 82 N.C. App. 502, 507-08, 346 S.E.2d 677, 681 (1986). In addition, there must be "a logical relationship in the nature of the actions and the remedies sought." *Id.* at 508, 346 S.E.2d at 681.

KEMP v. SPIVEY

[166 N.C. App. 456 (2004)]

We are satisfied in the instant case that plaintiff's claim for damages is a compulsory counterclaim with regard to defendants' previously filed third-party claims. Kemp argues, however, at the time the third-party complaints were filed, she was unaware of the total amount of her damages; therefore, her claim was not mature.

N.C. Gen. Stat. § 1A-1, Rule 13(e) provides: "Counterclaim maturing or acquired after pleading.—A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." In the instant case, Kemp was fully aware of the events and circumstances leading to her injury; only the exact amount of injury sustained was speculative. In *Moretz v. Northwestern Bank*, 67 N.C. App. 312, 313-14, 313 S.E.2d 8, 9-10 (1984), this Court stated:

> Plaintiff contends that the trial court erred in dismissing his suit under Rule 13(a) of the Rules of Civil Procedure because plaintiff's G.S. § 75-1.1 action for unfair trade practices had not matured at the time plaintiff answered defendant's complaint in the prior action between plaintiff and defendant and was therefore not a compulsory counterclaim. While we must disagree with this argument, we nevertheless hold for other reasons that plaintiff's suit should not have been dismissed under Rule 13(a).

> It is clear from plaintiff's complaint that all of the transactions and occurrences constituting defendant's unfair practices had taken place when plaintiff filed his answer in the previous action and plaintiff concedes that when he answered defendant's complaint, he was aware of those events and circumstances. The injury was therefore then extant, the only unknown aspect of the matter being the extent of plaintiff's damages.

Accordingly, the speculative nature of the amount of damages sustained in the instant case did not render the claim premature at the time the third-party complaints were filed. This assignment of error is overruled.

II

[2] Kemp next argues that the trial court erred in dismissing her claim rather than allowing her to maintain the claim as a separate action.

We are unable to locate any North Carolina cases analyzing whether a separate action should be dismissed outright when the

original actions have already been settled by agreement of the parties versus a judicial determination. We have, however, located two federal cases interpreting Rule 13(a) of the Federal Rules of Civil Procedure regarding similar circumstances.[1]

In *Dindo v. Whitney*, 451 F.2d 1, 3 (1st Cir. 1971) (citations omitted), the court stated:

> The bar arising out of Rule 13(a) has been characterized variously. Some courts have said that a judgment is res judicata of whatever could have been pleaded in a compulsory counterclaim. Other courts have viewed the rule not in terms of res judicata, but as creating an estoppel or waiver. The latter approach seems more appropriate, at least when the case is settled rather than tried. The purposes of the rule are "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." If . . . the case is settled, normally the court has not been greatly burdened, and the parties can protect themselves by demanding cross-releases. In such circumstances, absent a release, better-tailored justice seems obtainable by applying principles of equitable estoppel.
>
> If, in the case at bar, Dindo, clearly having opportunity to assert it, . . . knew of the existence of a right to counterclaim, the fact that there was no final judgment on the merits should be immaterial, and a Rule 13(a) bar would be appropriate. His conscious inaction not only created the very additional litigation the rule was designed to prevent it exposed the insurer to double liability. We are not persuaded that a final judgment is a sine qua non to invocation of the bar; there is nothing in the rule limning the term "judgment."

*cf. La Follette v. Herron*, 211 F.Supp. 919, 921 (E.D. Tenn. 1962)

---

1. Fed. R. Civ. P. 13(a) is substantially similar to our Rule 13(a). Specifically, Federal Rule 13 (a) provides:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

The insured had no day in court on the question of negligence of [defendant]. Conceivably plaintiff was at fault in not filing a counterclaim and thus preserving his rights. On the other hand, it would be abhorrent to deprive him of this right if he had no opportunity to present it prior to the settlement and dismissal of the first case. This court is constrained to find that plaintiff did not have an opportunity to present his claim in court prior to the compromise settlement.

In the instant case, Kemp was aware of the events and circumstances leading to her claim. Moreover, she had an opportunity to present her counterclaim prior to settlement of the prior actions. Kemp was represented by attorneys from the Office of the Attorney General in each of the settlement agreements, and the signature of Kemp's counsel appears on each of the settlement and release agreements. In fact, in four out of the five civil actions, the State of North Carolina agreed to pay one-half of the damages on behalf of Kemp, and in the fifth settlement the State agreed to pay one-third of the damages on behalf of Kemp. In one civil action the plaintiff filed additional claims against Kemp, as a third-party defendant, and Kemp then filed an answer to the additional claims and the cross-claim by Spivey and the Rescue Squad, Inc. Based on the logic articulated in *Dindo* and *LaFollette*, it appears plaintiff may be estopped from bringing suit; however, we reverse and remand this case as it appears the parties were not given full opportunity to present evidence on the issue of estoppel.

When determining whether a complaint is sufficient to withstand a Rule 12(b)(6) motion to dismiss, the trial court must discern "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Shell Island Homeowners Ass'n. Inc. v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999). "When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Locus v. Fayetteville State University*, 102 N.C. App. 522, 527, 402 S.E.2d 862, 866 (1991).

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Sterner v. Penn*, 159 N.C. App. 626, 628, 583 S.E.2d 670, 672 (2003). When a party contends that the "complaint has failed to state a claim for which relief is available and where the trial court consid-

ers matters outside the pleading . . ., the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion." N.C.G.S. § 1A-1, Rule 12(b).

In the instant case, the trial court stated in its order that it "after hearing the arguments and presentation of evidence by the respective parties' counsel has determined that the defendants' motion to dismiss the plaintiff's action should be allowed." The trial court's consideration of evidence other than the pleading is contrary to the purpose of Rule 12(b)(6). *See Eastway Wrecker Service v. City of Charlotte*, 165 N.C. App. 639, 647, —— S.E.2d ——, —— (2004) (McGee, J. dissenting). Based on the trial court's consideration of matters in addition to the complaint, defendant's Rule 12(b)(6) motion was thereby converted into a motion for summary judgment. N.C.G.S. § 1A-1, Rule 12(b).

Upon conversion of the motion as one for summary judgment, the parties were not afforded a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C.G.S. § 1A-1, Rule 12(b). Accordingly, this case is remanded so as to allow the parties full opportunity for discovery and presentation of all pertinent evidence.

Reversed and remanded for further proceedings.

Judge ELMORE concurs.

Judge GEER concurs in a separate opinion.

GEER, Judge, concurring.

I concur with the majority opinion, but write separately to stress that the trial court should be free to independently assess whatever evidence the parties submit on the question whether plaintiff should be estopped from pursuing her claims because of her failure to file counterclaims in the prior actions. I believe that plaintiff has submitted evidence that suggests estoppel would not be appropriate, but I also believe that defendants should have an opportunity to present contrary evidence after discovery, if necessary.

In the prior actions, plaintiff was sued only for indemnification and contribution. She was represented by the Attorney General's

Office pursuant to N.C. Gen. Stat. § 143-300.1 (2003). This statute gives the Attorney General authority to settle a case brought against a bus driver and provides that the settlement funds are to be paid by the State Board of Education. N.C. Gen. Stat. § 143-300.1(d). The statute gives no indication that a bus driver has any control over the litigation if defended by the Attorney General. *Cf. Keith v. Glenn*, 262 N.C. 284, 286, 136 S.E.2d 665, 667 (1964) ("[A] settlement, made without insured's assent or subsequent ratification, while protecting the insurer from further claims, would not bind the insured."); *Bradford v. Kelly*, 260 N.C. 382, 384, 132 S.E.2d 886, 887-88 (1963) ("However, it is now settled law in this State that the exercise of this privilege by the insurer [to settle claims brought against the insured] will not bar the right of the insured, or anyone covered by his policy, to sue the releasor for his damages where he has neither ratified nor consented to such settlement.").

Plaintiff has submitted evidence, in the form of her own affidavit and the affidavit of the Assistant Attorney General who represented her, that the Assistant Attorney General was not allowed to represent plaintiff on her individual claims for personal injury, that he did not personally meet with her until 15 November 2001, and that it was only on that date that he told plaintiff that she would need to seek her own attorney to file any personal injury claim. The record before this Court is not clear, but it appears that all of the cases in which plaintiff could have filed the compulsory counterclaim prior to filing her own lawsuit had been settled prior to 15 November 2001. Plaintiff filed this lawsuit on 27 December 2001, just over a month after meeting with the Assistant Attorney General. I believe that this evidence—to which defendants have not yet had an opportunity to respond—appears to give rise to an issue of fact regarding the question of estoppel.