IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-639

Filed 19 November 2024

Wake County, No. 22CVS7152

EAST BAY COMPANY, LTD., Plaintiff,

v.

BRANDON SCOTT BAXLEY, Defendant.

Appeal by plaintiff from judgment entered 8 February 2023 by Judge Keith O. Gregory in Wake County Superior Court. Heard in the Court of Appeals 24 September 2024.

> *Buckmiller Boyette & Frost, PLLC, by Matthew W. Buckmiller, and Blake Younger Boyette, for the plaintiff-appellant.*
>
> *Everett Gaskins Hancock, LLP, by William H. Kroll, for the defendant-appellee.*

TYSON, Judge.

East Bay Company, Ltd. ("Plaintiff") appeals from order allowing Brandon Scott Baxley's ("Defendant") motion to dismiss. We affirm.

## I. Background

Plaintiff is a South Carolina registered corporation. Defendant is a resident of Wake County. Plaintiff obtained a judgment against Defendant in Wake County Superior Court for a principal amount of $359,998.43; $24,097.70 in interest accrued from 27 August 2009 at the South Carolina legal rate of 7.25% per annum; and,

$123,197.96 in attorney's fees, costs, and expenses on 30 July 2010 in file number 08-CVS-14349. The total judgment totaled $507,294.09 plus interest at the North Carolina legal rate of eight percent (8%) from 30 July 2010 until satisfaction. *See* N.C. Gen. Stat. § 24-1 (2023).

Defendant filed a voluntary petition for bankruptcy protection under United States Bankruptcy Code Chapter 7 in the United States Bankruptcy Court for the Eastern District of North Carolina on 8 July 2018. Defendant's Chapter 7 filing was assigned case number 18-03406-5-DMV. The Bankruptcy Court denied Defendant's discharge and terminated the automatic stay against enforcement on 19 June 2020. *See* 11 U.S.C. § 362(c)(2)(C) (2018).

The Bankruptcy Court entered an order ruling: "the automatic stay pursuant to 11 U.S.C. § 362(d) is lifted and modified to permit [Plaintiff] to proceed with an action to renew the State Court judgment."

Plaintiff filed this action to renew its Judgment against Defendant from 08-CVS-14349 on 10 June 2022. Defendant filed a motion on 29 August 2022 to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Following a hearing on Defendant's motion on 8 February 2023, the trial court entered an order dismissing Plaintiff's complaint. Plaintiff appeals.

## II.    Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

### III. Issue

Plaintiff argues the trial court erred by granting Defendant's Rule 12(b)(6) motion.

### IV. Defendant's Rule 12(b)(6) Motion

### A. Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a [Rule] 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

This Court "consider[s] the allegations in the complaint [as] true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if [the] plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation omitted).

"On appeal from a motion to dismiss under Rule 12(b)(6) this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Id.* (ellipses in original) (citation and internal quotation marks omitted).

### B. Ten-year Statute of Limitations

Plaintiff contends the automatic stay imposed by Plaintiff's bankruptcy Chapter 7 filing in 11 U.S.C § 362(a) tolls the ten-year statute of limitations period in N.C. Gen. Stat.§ 1-47 (2023).

11 U.S.C. § 362 provides, *inter alia*:

> **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USC § 301, 302, or 303], or *an application filed* under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USC § 78eee(a)(3)], *operates as a stay*, applicable to all entities, of—
>
> **(1)** *the commencement or continuation, including the issuance or employment of process,* of a judicial, administrative, or other action or proceeding against the debtor that was or could have been *commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;*
>
> **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> **(4)** any act to create, perfect, or enforce any lien against property of the estate;
>
> **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> **(6)** *any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;*

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

. . .

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section—

**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of—

**(A)** the time the case is closed;

**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title [11 USC §§ 701 et seq.] concerning an individual or a case under chapter 9, 11, 12, or 13 of this title [11 USC §§ 901 et seq., 1101 et seq., 1201 et seq., or 1301 et seq.], the time a discharge is granted or denied;

**(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13 [11 USC §§ 701 et seq., 1101 et seq., or 1301 et seq.], and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) [11 USC § 707(b)]—

**(A)** the stay under subsection (a) with respect to any action

taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

**(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

**(i)** as to all creditors, if—

**(I)** more than 1 previous case under any of chapters 7, 11, and 13 [11 USC §§ 701 et seq., 1101 et seq., and 1301 et seq.] in which the individual was a debtor was pending within the preceding 1-year period;

**(II)** a previous case under any of chapters 7, 11, and 13 [11 USC §§ 701 et seq., 1101 et seq., and 1301 et seq.] in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

**(aa)** file or amend the petition or other documents as required by this title [11 USC §§ 101 et seq.] or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

**(bb)** provide adequate protection as ordered by the court; or

**(cc)** perform the terms of a plan confirmed by the court; or

**(III)** there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 [11 USC §§ 701 et seq., 1101 et seq., or 1301 et seq.] or any other reason to conclude that the later case will be concluded—

**(aa)** if a case under chapter 7 [11 USC §§ 701 et seq.], with a discharge; or

**(bb)** if a case under chapter 11 or 13 [11 USC §§ 1101 et seq. or 1301 et seq.], with a confirmed plan that will be fully performed; and

**(ii)** as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; and

11 U.S.C. § 362 (a) and (c) (2018) (emphasis supplied).

11 U.S.C. § 108(c) provides:

**(c)** Except as provided in section 524 of this title [11 USC § 524], if applicable nonbankruptcy law, *an order entered in a nonbankruptcy proceeding,* or an agreement *fixes a period for commencing or continuing a civil action* in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title [11 USC § 1201 or 1301], and such period has not expired before the date of the filing of the petition, then such period *does not expire until the later of—*

**(1)** the *end of such period*, including any suspension of such period occurring on or after the commencement of the case; *or*

**(2)** *30 days after notice of the termination* or expiration of the stay under section 362, 922, 1201, or 1301 of this title

> [11 USC § 362, 922, 1201 or 1301], as the case may be, with
> respect to such claim.

11 U.S.C. § 108(c) (2018) (emphasis supplied).

### C. 11 U.S.C. § 362(a) & N.C. Gen. Stat. § 1-47

N.C. Gen. Stat. § 1-47 provides for a ten-year statute of limitations to renew a judgment for an additional ten (10) years. N.C. Gen. Stat. § 1-47 (1) (2023). ("Within ten years an action— (1) Upon a judgment or decree of any court of the United States, or of any state or territory thereof, from the date of its entry. No such action may be brought more than once, or have the effect to continue the lien of the original judgment.").

When this Court reviews an issue of first impression, it is appropriate to look to decisions from other jurisdictions for persuasive guidance. *See Skinner v. Preferred Credit*, 172 N.C. App. 407, 413, 616 S.E.2d 676, 680 (2005) ("Because this case presents an issue of first impression in our courts, we look to other jurisdictions to review persuasive authority that coincides with North Carolina's law."), *aff'd*, 361 N.C. 114, 638 S.E.2d 203 (2006).

In reconciling the automatic stay of 11 U.S.C. § 362(a) and the ten-year statute of limitations period in N.C. Gen. Stat. § 1-47, it is helpful to review persuasive authorities and determine how other courts have addressed this issue. Our review has revealed the following:

### 1. *Smith v. Lachter*

A Bankruptcy Appellate Panel for the United States Court of Appeals for the Ninth Circuit held a judgment creditor's inability to enforce a due to bankruptcy, did not extend the deadline imposed by Arizona Rev. Stat. §§ 12-1551 and 12-1612 to file a renewal affidavit. *Smith v. Lachter* (*In re Smith*), 352 B.R. 702, 705-06 (B.A.P. 9th Cir. 2006). The court further held 11 U.S.C. § 108(c)(1) does not extend additional time for creditors to renew their judgment. *Id.*

### 2. *Aslanidis v. United States Lines*

The United States Court of Appeals for the Second Circuit also held 11 U.S.C. § 108(c) does not provide for the tolling of any externally-imposed statute of limitations, but only calls for applicable time deadlines to be extended for 30 days after termination of the bankruptcy stay, provided such a deadline would have fallen on an earlier date. *Aslanidis v. United States Lines*, 7 F.3d 1067, 1072-73 (2d Cir. 1993) ("Commencing with the plain meaning, we observe that by its terms § 108(c) does not provide for tolling of any externally imposed time bars, such as those found in the two maritime statutes of limitations. The bankruptcy section only calls for applicable time deadlines to be extended for 30 days after the termination of a bankruptcy stay, if any such deadline would have fallen on an earlier date. The reference in § 108(c)(1) to 'suspension' of time limits clearly does not operate in itself to stop the running of a statute of limitations; rather, this language merely incorporates suspensions of deadlines that are expressly provided in *other* federal or state statutes.").

Section 108(c)(2) provides for thirty (30) additional days to renew the judgment after the bankruptcy stay is lifted. The stay was lifted on 19 June 2020. Thirty days after the stay was lifted occurred on 20 July 2020. Since the original North Carolina Statute of Limitations had not expired when the stay was lifted, Plaintiff had forty days after the stay was lifted to file the extension before the deadline to renew expired. Plaintiff only would have been granted the thirty days extension after dismissal of his bankruptcy petition, if the ten-year deadline had expired while the stay remained in effect. 11 U.S.C. § 108(c). Plaintiff's argument is overruled. *Id.*

### 3. N.C. Gen. Stat. § 1-23

Plaintiff further asserts N.C. Gen. Stat. § 1-23 (2023) operates to toll the statute of limitations. N.C. Gen. Stat. § 1-23 provides: "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." *Id.* The commencement of the action to renew the judgment was not "stayed by [an] injunction or statutory prohibition." *Id.*

A prior panel of this Court examined the tolling provision of the 10-year statute of limitations under N.C. Gen. Stat. § 1-47 to determine whether it tolled a judgment filed *nunc pro tunc* following a motion to amend the judgment. *K&S Res., LLC v. Gilmore*, 284 N.C. App. 78, 83-85, 875 S.E.2d 538, 542-44 (2022). This Court held N.C. Gen. Stat. §§ 1-15, 1-23, 1-234 (2023) and N.C. R. App. P. 62(a) and 62(b) did not provide for tolling. *Id.* There was no "existence of any statutory tolling provision

affecting the applicable 10-year statute of limitations in this action." *Id.* N.C. Gen. Stat. § 1-23 does not apply. N.C. Gen. Stat. § 1-23. Plaintiff's argument is overruled.

## V. Conclusion

The deadline to file for the 10-year extension of the judgment expired on 29 July 2020. The dismissal of Defendant's bankruptcy proceeding and lifting the automatic stay did not allow renewal of the judgment beyond the 29 July 2020 deadline. The trial court properly granted Plaintiff's motion to dismiss. The order of the trial court is affirmed. *It is so ordered.*

AFFIRMED.

Judges COLLINS and GRIFFIN concur.